SEA GULL SPECIALTY COMPANY *v.* ELLA S. SNYDER.

*Workmen's Compensation—Claim by Dependents on Death— Prior Award to Employee.*

In construing a statute, the courts should consider the true meaning of the language, and not be influenced by what in their opinion the Legislature should have said.          p. 83

The dependents of a deceased employee, claiming compensation for his death under the Workmen's Compensation Act, by

reason of the employee's death within three years of the injury, need not show that the employee was awarded compensation for the injury before his death.                                    p. 84

The provisions of the statute for compensation to the injured employee himself, and those for compensation to his dependents in case of his death, are entirely independent, and consequently an award, made to and received by the employee before his death on account of his injury, cannot be deducted from the sum to be awarded to his dependents after his death as a result of the injury.                                                           p. 86

*Decided June 11th, 1926.*

Appeal from the Superior Court of Baltimore City (STEIN, J.).

Claim by Ella F. Snyder, widow of George A. Snyder, against the Sea Gull Specialty Company, employer, and the American Mutual Liability Company, insurer. From a judgment affirming an award by the State Industrial Accident Commission in favor of the claimant, the employer and insurer appeal. Affirmed.

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Roszel C. Thomsen,* with whom were *Bowie & Clark* on the brief, for the appellants.

*Joseph Siegel,* with whom were *Siegel & Siegel* on the brief, for the appellee.

DIGGES, J., delivered the opinion on the Court.

The appeal in this case is from a decision of the Superior Court of Baltimore City confirming the decision of the State Industrial Accident Commission in favor of Ella S. Snyder, widow of George A. Snyder, deceased. The material facts in the case are undisputed and are set forth in a stipulation substantially as follows: George A. Snyder, on June 28th,

1923, received an accidental injury arising out of and in the course of his employment by the Sea Gull Specialty Company. He filed his claim for compensation, and on October 30th, 1923, the State Industrial Accident Commission passed an order finding that George A. Snyder was temporarily totally disabled as a result of injuries, and awarded compensation to be paid him at the rate of eighteen dollars a week during the continuance of his disability, subject to the provisions of the Workmen's Compensation Law, the compensation to begin as of July 12th, 1923. Under this award compensation was paid him for eighty-seven weeks, amounting to $1,566. George A. Snyder died on March 12th, 1925, as a result of said injuries. His widow, Ella S. Snyder, the appellee here, filed her claim, and the State Industrial Accident Commission passed an order on May 14th, 1925, directing that she be paid compensation at the rate of eighteen dollars per week for the period of 277 7/9 weeks, said compensation to begin as of March 12th, 1925, the date of the death of her husband; the compensation so awarded to the widow amounting to a total of $5,000, in addition to the usual allowances for funeral expenses. The employer and insurer appealed from the order of the Commission of May 14th, 1925, to the Superior Court of Baltimore City, petitioning and requesting that the order of May 14th, 1925, allowing compensation to the widow, be modified by limiting the period for which compensation should be payable to 190 7/9 weeks. The case was tried before the court sitting as a jury, at which trial the employer and insurer offered the following prayer, which was refused by the court: "The employer and insurer prays the court to rule that the order of the State Industrial Accident Commission dated May 14, 1925, passed in the matter of Claim No. 53647, from which the appeal has been taken in this case, be modified by limiting the period for which compensation shall be paid to Ella S. Snyder, widow, to 190 7/9 weeks at the rate of $18 per week, payable weekly, together with funeral expenses not to exceed $125." The action of the lower court in refus-

ing this prayer presents the only exception contained in the record.

The single question to be determined upon this appeal is whether or not the award of $5,000 compensation to the appellee, as sole dependent of George A. Snyder, deceased, is correct. The appellee contends that under the provisions of article 101 of the Code of 1924, known as "Workmen's Compensation," upon the death of the injured husband the widow and sole dependent is entitled to the full sum of $5,000 as compensation, and funeral expenses of the deceased husband not to exceed $125; while the appellant's contention is that, by reason of the fact that George A. Snyder, the deceased, had been awarded and paid during his lifetime, as compensation for temporary total disability, the sum of $1,566, this sum should be deducted from the maximum amount which might be awarded as compensation to the widow of the deceased, and therefore the proper amount which should have been awarded her was $3,434, plus funeral expenses of the deceased. Which of these contentions is correct is, as stated, the only question for our determination.

This question has never heretofore been passed upon by this court, and learned counsel for the respective parties state that they have been able to find but little authority elsewhere on the point; which, after a diligent research on our part, is the same position in which we now find ourselves. It is, however, true that, in dealing with questions involving the construction of statutes, decisions of other courts of last resort are of little practical value to any greater extent than the reasoning employed may appeal as being sound, because there are nearly as many different statutes dealing with and covering workmen's compensation as there are states in the Union; and such decisions as we have are those construing the statute of the particular state wherein the court is located. In the final analysis, therefore, the determination of this question must rest upon the construction of the Maryland statute.

Section 36 of article 101, under the head: "Claims and Compensation; Benefits," provides:

"Each employee (or in case of death his family or dependents) entitled to receive compensation under this article shall receive the same in accordance with the following schedule and except as in this article otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever."

Sub-section 2 of section 36 provides:

"Temporary total disability. In case of temporary total disability, sixty-six and two-thirds per centum of the average weekly wages shall be paid to the employee during the continuance thereof, but not to exceed a maximum of eighteen dollars per week and not less than a minimum of eight dollars per week, unless the employee's established weekly wages are less than eight dollars per week at the time of the injury, in which event he shall receive compensation equal to his full wages; but in no case to continue more than six years from the date of the injury or to exceed thirty-seven hundred and fifty dollars in the aggregate."

Sub-section 3, dealing with permanent partial disability, contains a schedule providing compensation for loss of members, such as hand, foot, finger, eye, etc., and then provides:

"The compensation for the foregoing specific injuries shall be paid in addition to, and consecutively with, the compensation hereinbefore provided in subsection 2 of this section."

Sub-section 4 provides:

"In case the injury causes death within the period of three years the benefits shall be in the amounts and to the persons following: * * * If there are wholly dependent persons at the time of death, the payment shall be sixty-six and two-thirds per cent of the average weekly wages, not to exceed, however, a maximum of eighteen dollars per week, and not less than a mini-

mum of eight dollars per week, unless the deceased
employee's established weekly wages were less than
eight dollars per week at the time of injury, in which
event the compensation shall be an amount equal to the
average weekly wages, and to continue for the re-
mainder of the period between the date of death and
four hundred and sixteen weeks after the date of in-
jury, and not to amount to more than a maximum of
five thousand dollars, nor less than a minimum of one
thousand dollars."

In the case of *Accident Fund v. Jacobs, Admr.*, 140 Md.
622, it was said: "Courts should be governed by the plain
language of the statute and not by a strained construction
making the Legislature say something which it did not
say, even if the court was inclined to differ as to the wisdom
of the legislation. That is not for the court to determine;
its duty is to ascertain what the Legislature said, and if it
had the right to say what it did say, to be governed by it."
It follows, therefore, that in determining the question before
us we should be confined to determining the true meaning of
the language employed by the Legislature, and not allow the
construction to be influenced by what, in our opinion, the
Legislature should have said. With this rule of construction
in view, we will examine the language used by the Legislature
in providing compensation to dependents of deceased injured
employees who died within three years from the date of such
injury.

Section 36 of article 101, after providing compensation for
the injured person, first, in cases of permanent total dis-
ability; second, cases of temporary total disability; third,
cases of permanent partial disability; and fourth, cases of
temporary partial disability, then further provides as follows:

"In case the injury causes death within the period
of three years the benefits shall be in the amounts and
to the persons following: * * * If there are wholly
dependent persons at the time of death, the payment
shall be sixty-six and two-thirds per cent. of the aver-
age weekly wages, not to exceed, however, a maximum

of eighteen dollars per week, and not less than a minimum of eight dollars per week, unless the deceased employee's established weekly wages were less than eight dollars per week at the time of injury, in which event the compensation shall be an amount equal to the average weekly wages, and to continue for the remainder of the period between the date of death and four hundred and sixteen weeks after the date of injury, and not to amount to more than a maximum of five thousand dollars, nor less than a minimum of one thousand dollars."

By this clause it is clear that the Legislature created a class of persons designated as dependents, who were to receive benefits to be paid by the employer in all cases where the death of the injured employee occurred within three years from the date of the injury. In other words, under the Workmen's Compensation Law there were created two separate and distinct classes of persons to whom compensation might be awarded; first, the injured employee; and second, in case of his death within the period specified, his dependents. Compensation in the second of these classes is in no wise made dependent upon compensation having been already awarded to the injured party. In case application is made by a dependent of the deceased injured employee who died within the three-year period, the Industrial Accident Commission, before an award of compensation is made to such dependent, must be satisfied that the applicant is a dependent within the meaning of the law, and that the injury was such a one as the deceased party would have been entitled to compensation for, had he lived; but it is not necessary that the dependent should show that the injured party had been awarded compensation before his death. The right to an award of compensation in each of these cases arises out of the same compensable injury, but the class of compensation awarded the injured employee and that awarded his dependents in case of his death, are separate and independent of each other. If the employee is awarded compensation for

an injury, and afterwards, during the period of three years, dies, the injury preceding the death, and the death, arose out of one and the same injury. *Biederzycki v. Farrel Foundry & Machine Co.* (Conn.), 131 Atl. 739. Compensation for the death is payable to and belongs to the dependent, while compensation awarded to the living employee is payable and belongs to him. Our statute provides, upon a certain state of facts, that an injured employee is entitled to compensation in varying amounts; and it also provides, under a certain other entirely different and distinct set of facts, that the dependents of a deceased employee are entitled to compensation in varying amounts; and neither of these awards of compensation is governed by the other. In other words, the Legislature has said to the employee: "If you are injured under the conditions provided, you are entitled to the definite compensation fixed by the law." Having said this, they then say to the dependents of the deceased injured employee: "If the employee died within three years as a result of the injury, you dependents are entitled to compensation."

We now come to a determination of what the statute, in plain language, says a widow who is the sole dependent of an injured employee, said employee having died within three years from the date of his injury, is entitled to as compensation; and we find that she is entitled to sixty-six and two-thirds per cent. of her decedent's average weekly wage, not to exceed, however, a maximum of eighteen dollars per week and not less than a minimum of eight dollars per week, unless the deceased employee's established weekly wage is less than eight dollars a week, in which case the compensation shall be an amount equal to the average weekly wage; said compensation to continue for the remainder of the period between the death of the injured employee and 416 weeks counting from the date of the injury; but that in no event shall the amount paid to such dependent be more than a maximum of $5,000 nor less than a minimum of $1,000. We must give to the language employed the ordinary and usual sense which it conveys, unless we are con-

vinced, from language equally unambiguous, either in the
section now being construed or by considering the whole
statute, that the Legislature's clear intention was to limit
the amount to be paid by an employer to $5,000 as a result
of any one injury. After a careful examination of the
entire statute, we are unable to find language which could
lead us to the conclusion that the legislative intent was to
make the limit of liability for one injury $5,000, and re-
quire us to deduct from what under the law would other-
wise be awarded to the widow, such an amount as had been
paid to the injured party before his death. We have been
referred to the Massachusetts statute and to three decisions
of the court of appeals of that state construing the statute,
The Massachusetts statute was enacted in 1911, and while
not identical with ours, is very similar. Under the original
act, two cases involving the point now before us were con-
sidered by the court of appeals of that state. *In re Cripp,*
216 Mass. 586, and *In re Nichols,* 217 Mass. 3. In both
of these cases the conclusion reached was that the amount
payable to the injured employee during his lifetime could
not be deducted from the amount payable to his dependents
after death. With knowledge of these decisions, the Legis-
lature of Massachusetts in 1914 amended that section of
the law which deals with this question by adding to the
provision for compensation to dependents these words: "But
in no case shall the amount be more than $4,000." In
*Sinclair's Case,* 248 Mass. 414, decided after the amendment
as above set forth, the court again considered this question
and held that the purpose of the Legislature, by limiting the
amount to $4,000 as made by the amendment, was to limit
the amount paid as a result of one injury, either to the
injured party, to the dependents, or to both combined. In
other words, as we interpret the opinion in the *Sinclair*
case, the court was of the opinion that the amendment made
by the Legislature by the act of 1914 was clearly intended
to change the law in this respect as construed by that court
in the earlier cases, and that the amendment, by the addi-

tion of the words heretofore quoted, could be given no other meaning than that of indicating that the Legislature intended the limit of $4,000 to apply in cases where the injured party and the dependents both received compensation.

Entertaining the views herein expressed, we find no error in the action of the lower court in refusing the prayer of the appellants, and the judgment must be affirmed.

*Judgment affirmed, with costs.*