(No. 22808.

THE AMERICAN STEEL FOUNDRIES, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(NONA WILSON, Defendant in Error.)

*Opinion filed October 24, 1935—Rehearing denied Dec. 4, 1935.*

WHEELER, OEHMKE & DUNHAM, for plaintiff in error.

R. B. HENDRICKS, (JAMES K. MORAN, of counsel,) for defendant in error.

Mr. JUSTICE HERRICK delivered the opinion of the court:

This cause is here on the petition of the plaintiff in error (hereinafter called the employer) to review a judgment entered by the circuit court of St. Clair county confirming an award, after correcting the same, of the Industrial Commission to Nona Wilson, defendant in error, widow of John Henry Wilson, deceased.

On March 28, 1928, John Henry Wilson, while in the employ of the employer, received an injury to his right thumb arising out of and in the course of his employment. First aid and medical attention were furnished. The employee was sent to the hospital by the employer and remained there until August 26 following, when the physician in charge discharged him as not needing further treatment. Compensation for the injury, including partial loss of the employee's thumb, was adjusted by agreement between him and the employer. Under the settlement made it was agreed that $235.71 had been paid for temporary incapacity, and that the employer was to pay the sum of $577.50, payable in weekly installments of $11 for 52½ weeks for seventy-five per cent loss of the use of the employee's right thumb. On October 28, 1928, the settlement contract, together with the employee's petition signed by himself and his counsel, was filed with the Industrial Commission, praying that the commission approve and authorize a lump sum settlement of the amount found and agreed to be due the employee. The petition recited that the employee believed it would be to his best interest that compensation due him be paid in a lump sum, for the reason

that he was suffering from a systemic disability requiring medical treatment and he was otherwise without means to obtain the treatment. The petition was approved on October 29, 1928, and an order was entered by the commission that compensation be commuted to and paid the employee in a lump sum of $571.90. On November 9 following, the final report of the settlement, with the employee's receipt thereto attached, was filed with the commission. On September 22, 1928, Wilson entered St. Mary's Hospital, where he remained until October 12, when at the direction of his physician he was permitted to leave. He returned to the hospital on November 13 and remained there until he died, December 30 following.

On January 23 the widow of Wilson, in her own behalf and that of a five-year-old child of the deceased and the widow, filed her application with the Industrial Commission to recover compensation under paragraph (g) of section 8 of the act on account of the death of her husband, alleging that his death resulted from accidental injuries received by him on March 28, 1928, which arose out of and in the course of his employment with the employer. The cause was referred to an arbitrator, who took the evidence, which included a certified copy of the settlement contract made between the deceased employee and the employer, the records showing the commutation of the compensation and the payment thereof by the employer. The arbitrator made a finding that he was without jurisdiction, inasmuch as the matter had been concluded by settlement contract, under which the sum of $813.21 had been paid to the deceased employee on account of the injury. The widow sought review of the arbitrator's finding before the Industrial Commission. There the employer moved to dismiss the proceeding on the ground that the commission was without jurisdiction. This motion was denied. The commission entered an order setting aside the decision of the arbitrator and awarded compensation in

the sum of $4200, with a credit of $813.21 as having been theretofore paid. The circuit court on *certiorari* reviewed the decision of the Industrial Commission and remanded the cause for further hearing. Testimony was thereafter taken and the Industrial Commission found the average annual earnings of the deceased were $1029.60, and entered an award of $11 a week for a period of 370 weeks and one week at $9.79, less a credit of $813.21, as compensation for the death of the employee. On review the circuit court confirmed this award except as to the total amount due, and entered an order fixing the award at a sum equal to four times the deceased employee's average annual earnings as found by the commission, making a total of $4118.40, from which a credit of $813.21 was deducted.

Three highly controversial issues are presented by the record: (1) Was the injury sustained by the employee the proximate cause of his death? (2) Did the lump sum settlement approved by the Industrial Commission and paid by the employer extinguish the right, if any, to recovery of compensation by the dependents of the deceased in the event his death was occasioned by the traumatic injury received by him? (3) Was the claim of the dependents filed within the period permitted by the statute? Such issues will be treated in the order named.

The proximate cause of the death of the deceased is a much-debated issue. It would serve no useful purpose to undertake a detailed review of the evidence bearing upon that question. For the petitioner there was competent qualified evidence tending to prove causal connection between the injury sustained by the employee and his subsequent death. It is established that the Industrial Commission may properly draw reasonable inferences from facts and circumstances in evidence, and that its ultimate finding upon a controverted factual issue will be sustained unless this court can say that such finding is manifestly con-

trary to the weight of the evidence. (*Ford Motor Co.* v. *Industrial Com.* 357 Ill. 401; *Ohlson* v. *Industrial Com.* 357 id. 335; *Plano Foundry Co.* v. *Industrial Com.* 356 id. 186.) The cause of death here was a scientific question, upon which the physicians testifying in the cause differed. We would not be justified in holding that the finding of the Industrial Commission as to the cause of the death of the employee is against the manifest weight of the evidence.

As to whether a lump sum settlement duly approved by the Industrial Commission and paid by the employer to the employee in his lifetime concludes his dependents where the ensuing death of the employee is caused by the injury for which he made settlement and executed and delivered a release is one of first impression in this State. All concede that the Workmen's Compensation act is a creature of the statute; that rules ordinarily applicable to tort actions do not prevail under such statutory proceedings, and whether recovery, as a matter of law, can be had in a given cause must be gleaned from the four corners of the statute and from a construction thereof in the light of the purpose of the statute and the decisions of courts of last resort in those jurisdictions where similar statutes exist.

Sections 7 and 8 of the Workmen's Compensation act (Smith's Stat. 1933, chap. 48, pp. 1418-1424; Cahill's Stat. 1933, pp. 1380-1384;) correspond in meaning and legal substance with sections 8 and 9 of the Workmen's Compensation act of Great Britain. (6 Edward VII, chap. 58.) We have held that in an interpretation of the Illinois Workmen's Compensation act it will be presumed that our legislature intended the same construction be given the provisions of the act in Illinois as is given like provisions in the Compensation act of Great Britain unless such construction should be contrary to the public policy of this State. (*Armour & Co.* v. *Industrial Board,* 275 Ill. 328; *Suburban Ice Co.* v. *Industrial Board,* 274 id. 630.) The

English courts in the construction of the British Workmen's Compensation act have held that the act creates two separate, distinct and independent rights to claim compensation for the workman's injury—one in the employee, and the other, in the event of his death, in his dependents; that the employee in his lifetime cannot by his acts bar his dependents from recovery for an injury ultimately being the proximate cause of his death. *Howell* v. *Bradford,* 104 L. T. (n. s.) 443, 4 Butterworth's W. C. C. 203; *Jobson* v. *Cory,* id. 284; *Tucker* v. *Oldburg Urban District Council,* 5 id. 296, 2 K. B. 317; *Harper* v. *Dick, Kerr & Co.* 13 id. 250; *Wilson* v. *Maple Hill,* 18 id. 465, 134 L. T. (n. s.) 138, 95 L. J. (K. B.) 666.

In *Howell* v. *Bradford, supra,* the court decided that notwithstanding the release made and delivered by the employee in his lifetime whereby he discharged the employer from all claims on account of injuries received by the employee, the dependents of the deceased employee were not thereby barred from prosecuting a claim for compensation based on the death of the employee from the same injury. Holdings similar in principle may be found in *In re Cripps,* 216 Mass. 586, 104 N. E. 565, Ann. Cas. 1915-B, 828; *Milwaukee Coke Co.* v. *Industrial Com.* 160 Wis. 247, 151 N. W. 245; *Texas Employees' Ass'n* v. *Morgan,* 289 S. W. (Tex.) 75; *Solomone* v. *Degnon Contracting Co.* 184 N. Y. Supp. 735; *Routh* v. *List & Weatherly Const. Co.* 124 Kan. 222, 257 Pac. 721, 62 A. L. R. 150; *Goodyear* v. *Davis,* 114 Kan. 557, 220 Pac. 282; *Rowe* v. *Richards,* 35 S. D. 201, 151 N. W. 1006, Ann. Cas. 1915-E, 1075; *Sea Gull Specialty Co.* v. *Snyder,* 151 Md. 78, 134 Atl. 133, Ann. Cas. 1919-A, 294.) The following text books support the same principle: Honnold on Workmen's Comp. sec. 78, p. 251; 2 Schneider on Workmen's Comp. act, (2d ed.), sec. 379, p. 1290; Bradbury's Workmen's Comp. Law, (3d ed.) p. 797; Dosker's Manual of Comp. Law, p. 215. See, also, 28 R. C. L. sec. 76, p. 783.

Turning to our own Compensation act, we find paragraph (*g*) of section 8 (Smith's Stat. 1933, p. 1424; Cahill's Stat. 1933, p. 1384;) and paragraph (*j*) of section 19 (Smith's Stat. 1933, p. 1433; Cahill's Stat. 1933, p. 1390;) which are pertinent to this issue. Paragraph (*g*) provides: "In case death occurs as a result of the injury before the total of the payments made equals the amount payable as a death benefit, then in case the employee leaves any widow, child or children, * * * entitled to compensation under section 7, the difference between the compensation for death and the sum of the payments made to the employee, shall be paid to the beneficiaries of the deceased employee," etc. Paragraph (*j*) provides in part as follows: "Whenever in any proceeding * * * a final decision has been rendered, and after * * * such decision has become final, the injured employee dies, then in any subsequent proceeding brought by the personal representative or beneficiaries of the deceased employee, * * * such final decision, if any, shall be taken as final adjudication of any of the issues which are the same in both proceedings."

Two causes of action are created by section 8 and subdivision (*g*) thereof—one in favor of the employee for injuries received by him not resulting in death, (Cahill's Stat. 1933, par. 208, p. 1381; Smith's Stat. 1933, p. 1421;) and the other in favor of his dependents where the injuries subsequently result in death. Under paragraph (*g*), taken in conjunction with the other provisions of section 8, the two causes may arise out of the same injury, as here, where the employee is injured, receives compensation therefor and later dies as the result of such injury. The cause of action for the employee's disability was personal to him and he could deal with it as he pleased, subject to the approval of the Industrial Commission; the other, under paragraph (*g*), was in favor of his dependents for loss of support, which was personal to the dependents and did not come into existence until his death from such injury.

Paragraph (*g*) contemplates an independent cause of action for compensation in behalf of the dependents of a deceased employee whose death was proximately caused by an injury arising out of and in the course of his employment, where such employee had in his lifetime obtained an agreement or adjudication awarding him compensation for such injury, while paragraph (*j*) declares that in any proceeding brought by the employee for compensation, any issue finally determined in that proceeding shall not be re-litigated in a subsequent proceeding for compensation brought by the dependents of such deceased employee but the decision of such issue in the prior proceeding shall be conclusive upon the dependents and the employer. Nor does section 9, (Smith's Stat. 1933, p. 1424; Cahill's Stat. 1933, p. 1384;) which authorizes a lump sum settlement on behalf of the employer, employee or beneficiary, in anywise militate against the provisions of paragraph (*g*) and paragraph (*j*), respectively.

The claim for compensation on behalf of the dependents is not derivative of the employee but is an independent right of recovery for compensation created by the statute for the exclusive benefit of the dependents and over which the employee has no control and which he is powerless to release, waive or extinguish. It necessarily follows that the lump sum settlement made by John Henry Wilson, and his release executed in accordance therewith, did not extinguish the claim of his dependents.

Nor can we agree with the contention of the employer that the application of the widow on behalf of herself and the minor child was not filed within the permitted statutory period. Section 24 of the Workmen's Compensation act (Smith's Stat. 1933, p. 1434; Cahill's Stat. 1933, p. 1391;) provides, in part, as follows: "Provided, that in any case, unless application for compensation is filed with the Industrial Commission within one year after the date of the injury or within one year after the date of the

last payment of compensation, the right to file such application shall be barred." The application here was filed within seventy-five days after the payment of compensation under the so-called lump sum settlement. The proceeding here was therefore begun within the period authorized by the statute.

The judgment of the circuit court was in accordance with the statute and is affirmed.    *Judgment affirmed.*