(No. 24332.

Anna D. Burke, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(The Ward Baking Company *et al.* Defendants in Error.)

*Opinion filed April 15, 1938—Rehearing denied June 8, 1938.*

Shaw, J., dissenting.

Owens & Owens, (Thomas L. Owens, and Sebastian Rivera R., of counsel,) for plaintiff in error.

Peregrine & Bruegger, and Robert P. Tobin, for defendants in error.

Mr. Justice Wilson delivered the opinion of the court:

Fred Burke, an employee of the Ward Baking Company, suffered an accidental injury arising out of and in the course of his employment on August 29, 1932. A sur-

gical operation disclosed that he was suffering from a malignant sarcoma. Subsequently, on April 6, 1933, Burke and his employer entered into a settlement contract by which the former agreed to accept $500 as full compensation for his injuries. The Industrial Commission, by an order entered the next day, approved the lump sum settlement. After the settlement had been made the employee's health continued to decline and he died on January 14, 1934. Anna D. Burke, his widow, on December 3, 1934, filed her application for adjustment of claim with the Industrial Commission asking compensation for her husband's death resulting from the accident to him. The commission denied compensation on the ground that it is without jurisdiction because she had not filed her application within one year after the day of the injury to her husband or the date of the last payment of compensation to him. The superior court of Cook county, on review, confirmed the decision of the commission. We have granted a writ of error for a further review.

The single question here presented for determination is whether the application for adjustment of the compensation for the death of Fred Burke was filed by his widow, the plaintiff in error, within the authorized period. The fact that the employee accepted a lump sum settlement of an adjudicated award for an injury arising out of and in the course of his employment does not preclude a claim by his widow after his death, which follows as a result of the accidental injury, provided, of course, that the widow's claim is filed within the required time. Her action for compensation under paragraph (g) of section 8 of the Workmen's Compensation act is an independent right of recovery created by the statute for the exclusive benefit of the employee's dependents and over which the employee, her late husband, had no control and which he was powerless to release, waive or extinguish. (*American Steel Foundries* v. *Industrial Com.* 361 Ill. 582.) The plaintiff in error did

not file her application with the Industrial Commission within one year after the last payment of compensation, namely, the payment of the amount specified in the lump sum settlement as compensation to her husband, the injured employee, nor within one year after the date of his accident. She contends, however, that since she filed her application within one year after her husband's death it was filed within one year after the injury to her,—the day on which her cause of action originated. Defendant in error maintains, on the contrary, that the present action is barred because plaintiff in error did not file her application within one year after the day on which her husband's accident occurred. If the claim for adjustment of compensation was filed by plaintiff in error "within one year after the date of the injury," within the contemplation of the applicable statutory provision, she is entitled to compensation; if not, the decision of the Industrial Commission that it lacked jurisdiction to entertain her application was correct.

Section 24 of the Compensation act (Ill. Rev. Stat. 1937, chap. 48, par. 161, p. 1581) declares that no proceeding for compensation shall be maintained unless notice of the *accident* is given to the employer as soon as practicable, but not later than thirty days after the *accident,* except in cases of hernia, where notice must be given the employer within fifteen days after the *accident.* Notice of the *accident,* oral or written, the section prescribes, shall give the approximate date and place of the *accident,* if known. It is further provided that no proceeding shall be maintained unless claim has been made within six months after the *accident.* After using the word "accident" six times the section concludes with the proviso that, in any case, "unless application for compensation is filed with the Industrial Commission within one year after the date of the *injury* or within one year after the date of the last payment of compensation, the right to file such application shall be barred."

A primary purpose of statutory construction is to ascertain the legislative intent. In seeking the intent of the legislature courts consider the language used, the evil to be remedied and the object to be attained. (*People* v. *Hughes,* 357 Ill. 524; *Bowman* v. *Industrial Com.* 289 id. 126.) If the language employed admits of two constructions, one of which makes the enactment absurd, if not mischievous, while the other renders it reasonable and wholesome, the construction which leads to an absurd result should be avoided. (*People* v. *West Side Trust and Savings Bank,* 362 Ill. 607; *Patterson Pure Food Pie Co.* v. *Industrial Com.* 335 id. 476.) Notice of the accident within thirty days and the making of a claim for compensation within six months after the accident are each jurisdictional and conditions precedent to the right to maintain a proceeding under the statute. (*Lewis* v. *Industrial Com.* 357 Ill. 309; *Ohio Oil Co.* v. *Industrial Com.* 293 id. 461.) The command of the statute in these respects is unequivocal and does not admit of construction. In the present case neither of the first two statutory conditions precedent to a recovery, namely, the giving of notice of the accident within thirty days or the making of a claim for compensation within six months after the accident, is before us owing to the stipulation of the parties that notice was given and claim made within the required time. The statute ordains that the application for compensation, the third jurisdictional prerequisite, must be filed (1) within one year after the date of the injury, or (2) within one year after the date of the last payment of compensation. The question remains as to when the time within which the application may be filed with the Industrial Commission commences.

One of the principal objects of section 24 is to afford an injured employee or his dependents a reasonable time within which to file the requisite application for compensation with the Industrial Commission. For the employee this time extends one year after the date of his accidental

injury or, in the alternative, one year after the date of the last payment of compensation to him. The time granted for the purpose of filing his application is ample to accomplish the objective of the statute. It does not follow that the dependents, whose cause of action does not come into existence until the death of the employee from the accident sustained, (*American Steel Foundries* v. *Industrial Com. supra,*) must file the prescribed application within one year from the date of his accidental injury. Such a construction would tend to destroy, and in many instances actually nullify, the very rights of the widow and the dependents which the legislature has created and conferred upon them. Manifestly, no action can be brought by the widow or other dependent beneficiaries until the employee's death has occurred. We are not warranted in imputing to the legislature the intent to bar the claim of an employee's dependents before that claim arises and may be prosecuted. The construction of section 24 urged by the defendant in error is an interpretation of the statute repugnant to its humanitarian purpose and spirit. Legislative intent to create a still-born right of action is wanting. Statutes are to be construed according to their intent and meaning. A situation which is within the object, spirit, and the meaning of a statute is regarded as within the statute although not within the letter. (2 Lewis' Sutherland on Stat. Const. (2d ed.) sec. 379; *People* v. *McEldowney,* 308 Ill. 575; *Condon* v. *City of Chicago,* 249 id. 596; *People* v. *City of Chicago,* 152 id. 546.) Section 24 provides that the application for compensation must be filed with the Industrial Commission within one year after the date of the injury, not within one year after the employee's accident or accidental injury. Although the injury to the employee, within the purview of section 24, is the accident or accidental injury itself, the resultant death of the employee entitling his dependents to compensation is the injury to them. In short, the accidental injury to the employee and his death, the injury to

the dependents which first entitles them to compensation, are not necessarily concurrent. The provision of section 24 that the application for compensation must be filed with the commission within one year after the date of the injury clearly means the time when a cause of action arises in favor of either the employee or his dependents. It follows that the time restriction on filing the application for compensation cannot be successfully invoked in the present case.

To sustain the judgment, however, the employer has recourse to *Ohio Oil Co.* v. *Industrial Com. supra; Lewis* v. *Industrial Com. supra,* and *American Steel Foundries* v. *Industrial Com. supra.* The employee in the *Ohio Oil Co. case* was injured on August 29, 1916. The proof failed to show that notice of the accident was given to the employer within thirty days. Moreover, no claim for compensation was made within six months after the accident, as required by the law, and no compensation was paid. The employee died on April 2, 1918. The first claim for compensation was made by his widow on June 25, 1918. Under the factual situation narrated her right to claim compensation had been barred by the statute many months before the employee's death because of the failure to notify the employer of the accident within the time prescribed and to make claim for compensation within the requisite period. In the case at bar the conditions precedent to maintenance of a proceeding under the statute had been satisfied by the payment of compensation to the employee conformably to the lump sum settlement. In *Lewis* v. *Industrial Com. supra,* the accidental injury occurred on August 11, 1925. The employee continued to work until December 20, 1925, when he became ill of spinal meningitis. He died on January 27, 1926. No notice was given to the employer within thirty days after the accident, and no claim for compensation was made either by the employee or the widow within six months after the accident pursuant to the mandate of the statute. The latter filed her application for the adjustment of compensation

on April 27, 1926, more than eight months after the accident, and, as this court pointed out, the employer was not apprised of any claim for compensation prior to the filing of the application for its adjustment. Since the claim for compensation was not made within six months after the accident no question of whether the widow's application for the adjustment of compensation was filed within one year after the injury was, or could have been, involved in the *Lewis case*. Here, Burke, the employee, during his lifetime, complied with the provisions of the law with respect to notice and the making of claim for compensation within the required time after his accident, and compensation was paid to him by the employer in the form of a lump sum settlement, approved by the Industrial Commission. In *American Steel Foundries* v. *Industrial Com. supra,* the employee accepted a lump sum settlement of an adjudicated award. The application of the widow on behalf of herself and a minor child was filed within seventy-five days after the payment of compensation under the settlement and we, therefore, held that the proceeding had been instituted within the permitted statutory period. The controverted issue in this action was not presented for determination, and the language employed in our opinion in the *American Steel Foundries case* does not assume to decide it. The factual situations in the three decisions of this court upon which defendant in error relies are not parallel with the facts in the case at bar.

Reliance is also placed on *Vukovich* v. *St. Louis, Rocky Mountain and Pacific Co.* 40 N. M. 374, 60 Pac. (2d) 356, by defendant in error to support its construction of section 24. The employee, in the case cited, sustained an accidental injury on July 27, 1931. He was paid disability compensation during the period between the day named and his death on June 1, 1932. The widow did not file her claim or suit for compensation until April 1, 1933, ten months from the date of death, but slightly more than twenty months

after the accident. In construing the applicable statutory provision the Supreme Court of New Mexico pointed out that the Workmen's Compensation law of no other State or territory contained the identical language of its own limitation provision. The statute then in force was as follows: "In event any injury from accident arising out of and in the course of employment of a workman should result in and be the proximate cause of his death and he should leave surviving him any dependents, as herein defined, entitled to compensation under the terms hereof, payment thereof may be received or claim therefor filed by such person as the court may authorize or permit, on behalf of the beneficiaries entitled thereto, * * * Provided, that no claim shall be filed or suit brought to recover such compensation unless claim therefor be filed within one year after the date of *such injury.*" The court held the statute to be free from ambiguity, asserting that the two words last quoted could only refer to the physical injury previously mentioned as resulting in the death from which it was plainly dissociated in meaning. Subsequent to the decision, the legislature of the State amended the statute by substituting the word "death" for the word "injury." Laws of New Mexico, 1937, p. 244.

Likewise, in *Luszcs* v. *Seaboard By-Products Co.* 101 N. J. L. 170, 127 Atl. 212, also cited by the employer, the pertinent provision of the New Jersey Workmen's Compensation act provided: "In case of personal injury or death all claims for compensation on account thereof shall be forever barred unless a petition is filed * * * *within one year after the date on which the accident occurred.*" Similarly, the Oregon statute construed in *Dragicevic* v. *State Industrial Accident Com.* 112 Ore. 569, 230 Pac. 354, provided in part: "No application shall be valid or claim thereunder enforceable in * * * fatal cases unless such claim is filed *within one year after the date upon which the*

*fatal injury occurred."* The statutory provisions in the cases relied upon by the defendant in error differ essentially from the corresponding section of the Illinois act. A statute itself affords the best means of its exposition, and if the legislative intent can be ascertained from its provisions that intent will prevail without resorting to other aids for construction. (2 Lewis' Sutherland on Stat. Const. (2d ed.) secs. 348, 366; *Schoellkopf* v. *DeVry,* 366 Ill. 39; *Coon* v. *Doss,* 361 id. 515.) If the General Assembly had intended to exclude the dependents of a deceased employee from the right of action conferred upon them before its accrual appropriate language to accomplish such a purpose undoubtedly would have been incorporated in the statute.

We hold that plaintiff in error filed her application for compensation with the Industrial Commission within one year from the day a cause of action arose in favor of her and the minor child. Other statutory conditions precedent to a recovery had been satisfied prior to the injury to her, namely, her husband's death. She is entitled, under section 8 (g) of the Compensation act, to receive payment of the difference between the amount payable as a death benefit and the amount of compensation paid to Fred Burke during his lifetime. *American Steel Foundries* v. *Industrial Com. supra.*

The order of the superior court is reversed and the cause remanded to that court, with directions to set aside the findings of the Industrial Commission and to render an award for the plaintiff in error in accordance with this opinion. *Reversed and remanded, with directions.*

Mr. JUSTICE SHAW, dissenting.