(No. 61184.—

A. O. SMITH CORPORATION, Appellant, v. THE IN-DUSTRIAL COMMISSION *et al.* (Peggy J. Smith, Appellee).

*Opinion filed October 3, 1985.—Rehearing denied December 2, 1985.*

53

CLARK, C.J., took no part.

William L. Rogers, of Keefe & De Pauli, P.C., of Fairview Heights, for appellant.

Larry A. Calvo, of Calvo & Guzzardo, of Granite City, for appellee.

Stevenson, Rusin & Friedman, of Chicago (Douglas F. Stevenson, of counsel), for *amici curiae* Alliance of American Insurers, National Association of Independent Insurers and Illinois Manufacturers' Association.

Thomas D. Nyhan, J. Gerard Bambrick, Jr., and Harry E. Kinzie III, of Pope, Ballard, Shepard & Fowle, Ltd., of Chicago, for *amici curiae* Illinois State Chamber of Commerce and Illinois Self-Insurers Association.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Based on the stipulation of the parties, an arbitrator for the Industrial Commission found that on October 29, 1971, while employed by respondent, A. O. Smith Corporation, Raymond Smith sustained accidental injuries arising out of and in the course of his employment. He became comatose and, without having regained consciousness, died on June 3, 1980. He left surviving his widow, petitioner, Peggy J. Smith, and one child under 18 years of age. The arbitrator found that respondent, prior to the decedent's death, had paid him compensation in excess of the survivors' benefits which would have been payable under the statute in force

and effect on the date of his injury, and denied petitioner's claim. On review, the Industrial Commission awarded petitioner funeral expenses of $750 (Ill. Rev. Stat. 1971, ch. 48, par. 138.7), and otherwise affirmed the decision of the arbitrator. On *certiorari*, holding that the statute in effect at the time of decedent's death should apply, the circuit court of Madison County set aside the decision of the Industrial Commission and remanded the cause to the Commission for further proceedings.

Pursuant to Rule 302(a) (87 Ill. 2d R. 302(a)), respondent appealed directly to this court. Following the adoption of Rule 22(g) (94 Ill. 2d R. 22(g)) and the amendment of Rule 302(a) (94 Ill. 2d R. 302(a)), the cause was transferred to the Industrial Commission division of the appellate court. The appellate court affirmed (128 Ill. App. 3d 343) the judgment of the circuit court and supplied the required statement that the case presented a substantial question which warranted consideration by this court. We allowed respondent's petition for leave to appeal (94 Ill. 2d R. 315(a)).

Prior to discussing the merits of the appeal we raise, *sua sponte*, the question whether the judgment of the circuit court is a final, appealable order. It provides:

> "The decisions of the arbitrator and the Industrial Commission are reversed and the cause remanded for further proceedings."

This court has held that an order reversing an award and remanding to the Industrial Commission is interlocutory and not appealable. (*Mid-American Lines, Inc. v. Industrial Com.* (1980), 82 Ill. 2d 47; *Stockton v. Industrial Com.* (1977), 69 Ill. 2d 120.) Ordinarily we would dismiss the appeal on the ground that the order is not final and appealable, but in this instance we elect not to do so. The parties have stipulated to the facts, including the amount of the decedent's earnings and the weekly benefits payable if the statute at the time of death is applicable. The calcu-

lation of the amount of the award upon affirmance is a simple mathematical process, and under the circumstances we elect not to dismiss the appeal.

Citing *Grigsby v. Industrial Com.* (1979), 76 Ill. 2d 528, and *Stanswsky v. Industrial Com.* (1931), 344 Ill. 436, respondent contends that the amount of compensation due petitioner is determined by the statute in effect on the date of decedent's injury (1971), rather than the date of his death (1980). The difference is substantial. Respondent argues that the amendment increasing the rate of worker's compensation is substantive in character and applies only prospectively, and that it is not procedural or remedial and does not apply retroactively. It contends further that the General Assembly did not intend to distinguish between fatal and nonfatal injuries and that the date of the injury, rather than the date of death, controls in all cases.

Citing *American Steel Foundries v. Industrial Com.* (1935), 361 Ill. 582, *Burke v. Industrial Com.* (1938), 368 Ill. 554, and *General American Life Insurance Co. v. Industrial Com.* (1983), 97 Ill. 2d 359, petitioner argues that a dependent's cause of action is independent and not derivative of the employee and does not accrue until the date of the employee's death. She argues that the cases upon which respondent relies, *Grigsby* and *Stanswsky*, are distinguishable. She asserts that it is clear from those opinions that the date of the accident determines dependents' survival rights (Ill. Rev. Stat. 1979, ch. 48, par. 138.8) only when the employee's death resulted from causes not connected with the injury.

Although until now this precise issue had not been considered by a reviewing court in this jurisdiction, as noted by the appellate court it has been decided in other jurisdictions. The appellate court said:

"This issue has been considered by the courts of various States. Many jurisdictions hold that the rights of an employee's dependents are governed by the law in force at

the time of the employee's death. [Citations.] The rationale for these decisions is that the workmen's compensation statute confers upon an employee's dependents a new and independent right to compensation. [Citations.] Other jurisdictions, however, have held that the statutory provisions in effect at the time of the original injury control a dependent's rights. [Citations.] These latter decisions appear to be based upon the theory that the workmen's compensation act does not create new rights of action in the dependents of a deceased employee but rather that the right of the employee merely survives for the dependent's benefit. [Citation.]" 128 Ill. App. 3d 343, 344-45.

In *American Steel Foundries v. Industrial Com.* (1935), 361 Ill. 582, the court recognized the distinction between a cause of action created in favor of the employee for injuries suffered but not resulting in death, and a cause of action created in favor of his dependents for his injuries resulting in death. The former creates a cause of action which is personal to him, whereas the latter creates a cause of action in favor of his dependents which is personal to the dependents and does not come into existence until his death from such injuries. After drawing this distinction, the court held:

"The claim for compensation on behalf of the dependents is not derivative of the employee but is an independent right of recovery for compensation created by the statute for the exclusive benefit of the dependents and over which the employee has no control and which he is powerless to release, waive or extinguish." (361 Ill. 582, 589.)

The court held that the survivors' claim was not barred by the decedent's having executed a lump-sum-settlement contract. 361 Ill. 582, 589.

In *Burke v. Industrial Com.* (1938), 368 Ill. 554, the court was required to determine whether the widow's application for adjustment of claim for compensation for the death of the employee was filed within the limitations period. The applicable statute provided that the application

must be filed within one year after the date of the injury or within one year after the date of the last payment of compensation. The widow had contended that because she had filed her application within one year after her husband's death, it was filed within one year after the "injury" to her, the day on which her cause of action accrued. The court held:

"Although the injury to the employee, within the purview of section 24, is the accident or accidental injury itself, the resultant death of the employee entitling his dependents to compensation is the injury to them. In short, the accidental injury to the employee and his death, the injury to the dependents which first entitles them to compensation, are not necessarily concurrent. The provision of section 24 that the application for compensation must be filed with the commission within one year after the date of the injury clearly means the time when a cause of action arises in favor of either the employee or his dependents." 368 Ill. 554, 559-60.

In *General American Life Insurance Co. v. Industrial Com.* (1983), 97 Ill. 2d 359, the court held that a health insurer seeking reimbursement for payments allegedly made in error to an employee has no right to intervene in the widow's proceeding for a death benefit. In so holding, the court noted:

"This is an independent cause of action, separate and apart from an employee's claim during his lifetime against his employer. See *Board of Education v. Industrial Com.* (1974), 57 Ill. 2d 307, 312; *Burke v. Industrial Com.* (1938), 368 Ill. 554, 556; *American Steel Foundries v. Industrial Com.* (1935), 361 Ill. 582, 589." 97 Ill. 2d 359, 365.

We find no basis to deviate from the earlier decisions and hold that petitioner's claim was separate and apart from that of decedent, and the amount of compensation to be awarded must be determined under the statute in force on the date of the decedent's death.

We have considered the contentions of *amici curiae* the

Illinois State Chamber of Commerce and the Illinois Self-Insurers Association that the inclusion in the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.8(g)) of a provision for the periodic review of awards for permanent and total disability entered after July 1, 1965, and the omission of any such provision for the review of awards in death cases, precludes the application of the statute in force at the time of decedent's death. We do not find the argument persuasive. The provision for an adjustment of compensation based on increases in benefits payable for unemployment insurance is irrelevant to the question whether the award is to be based on the statute in force on the date of the accident or the date of death. We have also considered their contention that to hold that the statute in force at the time of decedent's death applies creates constitutional problems. We fail to perceive any vested interest or any contractual relationship which is violated by making the rate at the time of death applicable to the award.

We have considered the contentions of *amici curiae* Alliance of American Insurers, National Association of Independent Insurers, and Illinois Manufacturers Association that the application of the new rates in accordance with the amendment does violence to the insurance contracts which were in force and effect at the time of the accident. This is not an issue in this appeal, and we do not further consider the matter.

For the reasons set forth, the judgment of the appellate court is affirmed and the cause is remanded to the Industrial Commission with directions to calculate and enter an award consistent with this opinion.

*Affirmed and remanded,*
*with directions.*

CHIEF JUSTICE CLARK took no part in the consideration or decision of this case.