EVA SEGERS, Surviving Widow of Elmer Segers, Plaintiff-Appellant, v. THE INDUSTRIAL COMMISSION *et al.,* Defendants-Appellees.

Fifth District    No. 5—98—0208

Opinion filed May 19, 1999.

Harold B. Culley, Jr., of Culley & Wissore, of Raleigh, for appellant.

L. Robert Mueller, of Livingstone, Mueller, O'Brien & Davlin, P.C., of Springfield, for appellee Old Ben Coal Company.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Paul Racette, Assistant Attorney General, of counsel), for other appellees.

JUSTICE WELCH delivered the opinion of the court:

Plaintiff Eva Segers appeals from an order by the circuit court of Franklin County that denied her motion for summary judgment and granted a motion for summary judgment filed by defendant Old Ben Coal Company (Old Ben). The circuit court ruled, *inter alia*, that a lump-sum-settlement agreement entered into between Elmer Segers, plaintiff's late husband, and Old Ben was a lump-sum-settlement agreement as contemplated by section 9 of the Workers' Occupational Diseases Act (Act) (820 ILCS 310/9 (West 1996)) and that pursuant to section 9 the lump-sum-settlement agreement barred plaintiff's claim for death benefits under the Act. Plaintiff appeals this decision, and for the reasons that follow, we reverse.

Based upon the pleadings, the facts in this case are as follows. In 1979, Elmer retired from his position as a coal miner with Old Ben. Sometime thereafter, he filed a disability claim against Old Ben, alleging injuries from the inhalation of coal and rock dust. In 1991, Elmer and Old Ben settled their disputes. The substance of their settlement agreement provided that Old Ben pay Elmer $25,664 in a lump sum for "full and final settlement of any and all claims under the Workers' Compensation Act and the Occupational Diseases Act." The agreement also resolved issues concerning the extent of Elmer's injuries and conditions, including questions of temporary total disability and permanent disability. On March 19, 1991, the settlement agreement was approved by the Industrial Commission (Commission).

On June 4, 1995, Elmer died. On July 25, 1995, plaintiff filed a claim with the Industrial Commission, seeking death benefits pursuant to the Act. Old Ben responded by filing a motion to dismiss with the Commission. Prior to the Commission taking any action on the matter, plaintiff filed a declaratory judgment action in the circuit court. Plaintiff sought the following declarations by the circuit court: (1) that the settlement agreement between Elmer and Old Ben was not a lump-sum-settlement agreement as contemplated by section 9 of the Act, (2) that if the settlement agreement was a lump-sum-settlement agreement as contemplated by section 9 of the Act, section 9 does not bar her claim for death benefits under the Act, and (3) that if section 9 does bar her claim for death benefits under the Act, that portion of section 9 barring her claim is unconstitutional. Both parties filed motions for summary judgment, and as noted earlier, the circuit court granted Old Ben's motion and denied plaintiff's motion. Now on

appeal, plaintiff brings before this court the same three issues she raised in the circuit court in her declaratory judgment action.

Before addressing any of the issues raised by plaintiff, we must first address an issue concerning jurisdiction, raised by defendants.[1] Although defendants concede that the circuit court and the Commission share concurrent jurisdiction over the issues involved (see *Employers Mutual Cos. v. Skilling*, 163 Ill. 2d 284, 287 (1994)), they argue that under the doctrine of primary jurisdiction, the circuit court should have conceded jurisdiction to the Commission. Defendants argue that the Commission is the best forum to resolve the issues raised by plaintiff and that this court could have benefited from its special expertise. We disagree.

■ The doctrine of primary jurisdiction is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties. See *Skilling*, 163 Ill. 2d at 288. The doctrine provides that "where a court has jurisdiction over a matter, it should in some instances stay the judicial proceedings pending referral of a controversy, or some portion of it, to an administrative agency having expertise in the area." *Skilling*, 163 Ill. 2d at 288. A court should refer the controversy to an agency when the specialized or technical expertise of an administrative agency would help resolve the controversy or when there is a need for uniform administrative standards. See *Skilling*, 163 Ill. 2d at 288-89.

■ The doctrine of primary jurisdiction can only be applied when a court has either original or concurrent jurisdiction over the subject matter of the dispute. See *Skilling*, 163 Ill. 2d at 288. In determining whether the doctrine of primary jurisdiction should apply, the court must consider whether the reasons for the existence of the doctrine are present and whether the purposes that the doctrine serves will be aided by its application in the particular litigation. See *Peoples Energy Corp. v. Illinois Commerce Comm'n*, 142 Ill. App. 3d 917, 933 (1986). If an agency's technical expertise is not likely to be helpful or if there is no need for uniform administrative standards, courts need not

---

[1]On June 19, 1996, the Illinois Industrial Commission, along with Judy Baar Topinka, Treasurer and *ex officio* custodian of the Rate Adjustment Fund, through James E. Ryan, the Attorney General of the State of Illinois (hereinafter State defendants), filed a motion to dismiss plaintiff's complaint, arguing that plaintiff had failed to exhaust her administrative remedies before the Commission. The State defendants also filed an appellee brief only addressing the issues concerning jurisdiction and the constitutionality of section 9. The State defendants did not take a position concerning plaintiff's first or second issues on appeal. Accordingly, in discussing the jurisdictional issue, we shall refer to the State defendants and Old Ben collectively as "defendants."

relinquish their authority over the matter to an agency. See *Fredericks v. Liberty Mutual Insurance Co.*, 255 Ill. App. 3d 1029, 1034 (1994).

In addition, it is within the particular province of the courts to resolve questions of law, and although administrative agencies are given wide latitude in resolving factual issues, they are not in resolving matters of law. See *Skilling*, 163 Ill. 2d at 289. Finally, a ruling on a question of law that could "foreclose needless litigation" is best addressed by the courts. See *Casualty Insurance Co. v. Kendall Enterprises, Inc.*, 295 Ill. App. 3d 582, 586 (1998), quoting *Skilling*, 163 Ill. 2d at 289.

■ Keeping these principles in mind, we do not believe that the circuit court erred in finding that the agency did not have primary jurisdiction. Plaintiff's declaratory judgment action asks the circuit court for an interpretation of a settlement agreement, an interpretation of a section of the Act and, if necessary, a ruling on the constitutionality of a provision of a statute. All these issues are determined as a matter of law. See *Countryman v. Industrial Comm'n*, 292 Ill. App. 3d 738, 741-42 (1997) (where the contract is clear, its interpretation is a question of law); *Hamwi v. Zollar*, 299 Ill. App. 3d 1088, 1093 (1998) (the interpretation of a statute is a question of law). It is within the particular province of the courts to resolve questions of law. See *Skilling*, 163 Ill. 2d at 289. If the agency were to make a decision regarding these issues, a review of its decision would be subject to a *de novo* standard of review. No deference would be given to the agency's determination as to these issues. Furthermore, well-established legal principles exist to guide the court to the proper result concerning the issues raised by plaintiff. Therefore, the agency's technical expertise in the instant matter is neither helpful nor necessary. Finally, this action has the potential to foreclose needless litigation. Accordingly, as we do not believe that the reasons for the existence of the doctrine are present or that the purposes the doctrine serves will be aided by its application, we hold that the circuit court did not err by not deferring this dispute to the Commission.

Having resolved the jurisdictional issue raised by defendants, we now turn to plaintiff's appeal. However, based upon our decision as to plaintiff's second issue raised, we need not address the first or third issues raised by plaintiff. For the sake of argument, we will presume that the settlement agreement entered into between Elmer and Old Ben was a lump-sum-settlement agreement as contemplated by section 9 of the Act. Further, as we do not believe that section 9 applies to bar plaintiff's claim, we need not address its constitutionality.

Turning to plaintiff's second issue on appeal, the question she asks is, "whether, pursuant to section 9 of the Act, the lump-sum[-]

settlement agreement entered into between Elmer and Old Ben bars plaintiff's claim for death benefits." Old Ben argues in a brief filed in the circuit court and in its brief filed on appeal that the language contained in section 9 of the Act bars plaintiff's claim for death benefits. As the circuit court's ruling was in favor of Old Ben with the only explanation being "for the reasons stated in its brief filed herein," we must assume that the circuit court agreed with Old Ben or it would have ruled differently.

■ The specific provision to which Old Ben cites as support for its proposition is the following:

"The payment of compensation in a lump sum to the employee in his lifetime upon order of the Commission[ ] shall extinguish and bar all claims for compensation for death if the compensation paid in a lump sum represents a compromise of a dispute on any question other than the extent of disability." 820 ILCS 310/9 (West 1996).

Although we have not found a single case that has interpreted this specific provision of the Act, we believe that based upon the language in the settlement agreement between Elmer and Old Ben and our construction of section 9, in accordance with the purposes of the Act, plaintiff's claim for death benefits is not barred by the settlement agreement between Elmer and Old Ben.

■ The purpose of the Act is to create a system of liability without fault, abolishing the traditional defenses available to an employer in exchange for the prohibition against common-law suits by employees. See *Handley v. Unarco Industries, Inc.*, 124 Ill. App. 3d 56, 72 (1984). It has been held that one of the fundamental purposes of the Act is to provide employees *and their dependents* prompt, sure, and definite compensation, together with a quick and efficient remedy, for injuries or death suffered in the course of employment. See *General American Life Insurance Co. v. Industrial Comm'n*, 97 Ill. 2d 359, 370 (1983). The legislature has intended that under the Act a dependent of a deceased employee who died as a result of a work-related occupational disease have an independent claim for death benefits which is not derivative of the deceased employee. See *Owens Corning Fiberglas Corp. v. Industrial Comm'n*, 198 Ill. App. 3d 605, 614-15 (1990). As a dependent's claim for death benefits is not derivative, an employee cannot "release, waive[,] or extinguish" the dependent's claim. See *A.O. Smith Corp. v. Industrial Comm'n*, 109 Ill. 2d 52, 56 (1985), quoting *American Steel Foundries v. Industrial Comm'n*, 361 Ill. 582, 589 (1935).

Although no cases have addressed the effects an employee's lump-sum-settlement agreement has on a dependent's independent claim

for death benefits under the Act, plaintiff cites several cases wherein Illinois courts have touched upon this issue pursuant to the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1996)). These cases were relied upon by plaintiff in the circuit court but have never been challenged or even mentioned by Old Ben.

First, plaintiff cites *American Steel Foundries v. Industrial Comm'n*, 361 Ill. 582, 585 (1935), where our supreme court asked the following question: "Did the lump sum settlement approved by the Industrial Commission and paid by the employer extinguish the right, if any, to recovery of compensation by the dependents of the deceased in the event his death was occasioned by the traumatic injury received by him?" The supreme court looked at the history and purpose of the Workers' Compensation Act (then entitled the Workmen's Compensation Act) and noted that it creates "two separate, distinct and independent rights to claim compensation for the workman's injury—one in the employee, and the other, in the event of his death, in his dependents." *American Steel Foundries*, 361 Ill. at 587. The supreme court specifically concluded that "the employee in his lifetime cannot by his acts bar his dependents from recovery for an injury ultimately being the proximate cause of his death." *American Steel Foundries*, 361 Ill. at 587. Accordingly, the lump-sum settlement did not bar the dependents' claim.

Since *American Steel Foundries*, this principle that a dependent's claim for death benefits is not derivative to the employee has not been judicially altered. Plaintiff also cites *Jarabe v. Industrial Comm'n*, 172 Ill. 2d 345, 350 (1996), where our supreme court recently reiterated this principle by stating, "This court has explicitly held that a deceased employee's beneficiary under the workers' compensation statute has no rights derivative of the deceased employee." Other cases reaffirming this principle, also cited by plaintiff, include *A.O. Smith Corp. v. Industrial Comm'n*, 109 Ill. 2d 52 (1985), and *General American Life Insurance Co. v. Industrial Comm'n*, 97 Ill. 2d 359 (1983).

We point out that not only has this principle concerning a dependent's claim not been judicially altered, it has been expanded to the Workers' Occupational Diseases Act. See *Owens Corning Fiberglas Corp.*, 198 Ill. App. 3d at 615. It is not surprising that this same principle exists under both acts, as the Workers' Occupational Diseases Act was modeled after the Workers' Compensation Act and their purposes are nearly identical. In fact, in other instances, this court has specifically treated cases arising under one act as precedent for issues under the other act where the provisions utilized in both acts were homologous for purposes of judicial construction. See *James v. Caterpillar Inc.*, 242 Ill. App. 3d 538, 549-50 (1993).

Interestingly, we note that section 9 of the Workers' Compensation Act (820 ILCS 305/9 (West 1996)) contains essentially the exact provision we cited above from section 9 of the Workers' Occupational Diseases Act. Although the identical provision under section 9 of the Workers' Compensation Act has also not been challenged, the supreme court has, as we have shown, consistently and recently spoken loud and clear that, under the Workers' Compensation Act, a lump-sum-settlement agreement between an employee and his or her employer does not bar a dependent's claim for death benefits. Accordingly, we shall not ignore the holdings of our supreme court as to the impact a lump-sum-settlement agreement has on a dependent's claim for death benefits under the Workers' Compensation Act as we review the language of section 9 under the Workers' Occupational Diseases Act. Keeping these principles in mind, we shall now turn to section 9 and the language upon which Old Ben argues plaintiff's claim for death benefits is barred.

■ The court's role in interpreting a statute is to give effect to the intention of the legislature. See *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 350 (1998). The intention of the legislature is to be determined more from the consideration of the general object and purpose for which the statute was enacted than from technical definitions. See *Mathis v. Hejna*, 109 Ill. App. 2d 356, 360 (1969). While the Workers' Occupational Diseases Act is to be liberally construed to effectuate its purpose, it will not be given a strained construction not fairly within its provisions. See *General American Life Insurance Co.*, 97 Ill. 2d at 370. However, a court should not depart from the language of the statute by reading into it exceptions, limitations, or conditions that conflict with the intent of the legislature. See *Ragan*, 183 Ill. 2d at 351.

The provision in section 9 upon which Old Ben relies in arguing that plaintiff's claim for death benefits is barred provides that all claims for compensation for death are barred *"if* the compensation paid in a lump sum represents a compromise of a dispute on any question *other than* the extent of disability." (Emphasis added.) 820 ILCS 310/9 (West 1996). Plaintiff argues in her brief that the words "other than" should be construed as creating an exception. Plaintiff cites *Mathis v. Hejna*, 109 Ill. App. 2d 356, 361 (1969), as authority in support of such construction. Plaintiff points out that such a construction would broaden the viability of claims. On the other hand, Old Ben argues that we construe "other than" to mean "in addition to." Old Ben fails to provide any authority in support of such construction. However, Old Ben argues that because the extent of an employee's disability is "virtually always in issue in every case," accepting plaintiff's

construction of this section would mean that this "particular section would never be a factor" in any claim. In other words, Old Ben argues that if we accept plaintiff's construction, very few, if any, claims for compensation for death by dependents would be barred and the provision barring death claims would have very little significance.

As we have demonstrated, the purpose of the Act is to provide dependents with an independent claim for death benefits. Also, it has been held that an employee cannot interfere with a dependent's death claim. Therefore, a construction of section 9 wherein an employee's lump-sum-settlement agreement has very little opportunity to interfere with a dependent's claim for death benefits would certainly be in accordance with the purposes of the Act. Therefore, we accept plaintiff's construction of "other than" to mean an exception.

■ We turn now to the settlement agreement between Elmer and Old Ben to determine if the settlement agreement represents a compromise of a dispute on the question of the extent of disability. We agree with the parties that the agreement does represent a settlement which concerns the extent of disability. Therefore, because the settlement agreement is one which concerns the extent of disability, the portion of the provision potentially barring plaintiff's claim is not invoked. Accordingly, as the provision in section 9 relied upon by Old Ben and the circuit court does not bar plaintiff's claim for death benefits, we reverse the judgment of the circuit court.

For the foregoing reasons, we reverse the judgment of the circuit court and enter judgment in favor of plaintiff on her summary judgment motion, holding that her claim for death benefits is not barred by Elmer's lump-sum-settlement agreement.

Reversed; judgment entered.

CHAPMAN and HOPKINS, JJ., concur.