(No. 14623.—Decree affirmed.)

ROYAL E. KNAPP, Appellant, *vs.* EMMA KNAPP, Appellee.

*Opinion filed June 21, 1922.*

1. DOWER—*dower is not a debt or claim against husband or his estate.* The right to dower is not a debt or claim against the husband in his lifetime or against his estate after his death, but it is a right which the law gives the widow in lands of which the husband was seized during marriage, and is inchoate during the husband's lifetime.

2. DIVORCE—*wife's agreement to release husband from all liabilities does not bar dower.* A wife's agreement on securing a divorce from her husband to release him "from all present and future liabilities for any debts, necessaries, attorneys' fees or *anything else*" will be construed as relating only to personal obligations of the husband and not as barring the wife's inchoate right of dower in lands not described in the agreement.

3. SAME—*when divorce does not bar dower.* A wife who secures a divorce for the husband's fault does not thereby lose her dower right in his lands.

APPEAL from the Circuit Court of Livingston county; the Hon. S. R. BAKER, Judge, presiding.

ADSIT & THOMPSON, for appellant.

TUESBURG, WILSON & ARMSTRONG, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The appellant filed his bill in equity in the circuit court of Livingston county against the appellee, his former wife, for the purpose of compelling her to release her interest in certain Illinois real estate, or, in the alternative, to cancel her inchoate right of dower in said real estate as a cloud upon his title. The chancellor sustained a demurrer to the bill and dismissed the same for want of equity. The cause is now before this court on appeal to review the decree dismissing the bill.

The appellee was divorced from appellant by decree of the circuit court of Livingston county on May 17, 1911, on the ground of desertion. At that time the appellant was the owner of certain real estate and personal property. While the bill for divorce was pending and prior to the entering of the decree therein, appellant and appellee entered into a certain agreement, which was reduced to writing and is set forth in the bill of complaint and constitutes the sole ground upon which the appellant bases his right to relief in equity. In this agreement the appellant agrees to deed to Arthur N. Pearson, a brother of the appellee, certain lands then owned by the appellant, subject to a certain mortgage of $7680 described in the agreement, and further subject to a certain lease and the rights of the tenant in possession thereunder, reserving unto the appellant the right to sell and dispose of the crops and out of the proceeds pay the interest on the mortgage debt and a tax installment due May 1, 1911. The balance of the proceeds of the sale of the crops was to be paid to the appellee. Appellant also agreed to furnish and deliver to the appellee a certain abstract of title to the lands showing merchantable title on the date of the delivery of the deed. He also agreed to give to her his promissory note for $3500, dated January 11, 1911, due March 1, 1914, and to pay her on the execution of the contract the sum of $225. All the above

was in consideration of her promises and was to be performed in the event she secured a divorce from him. Appellee's agreement was "to release the said Royal E. Knapp from all present and future liabilities for any debts, necessaries, attorneys' fees or anything else." It was further agreed that the appellant should deposit the contract and his deed in question with the National Bank of Pontiac, also his promissory note above described and a certain other note on which the appellee was security; to release the appellee from any liability for the support of the mother of appellant under a certain contract signed by her, and to deliver to the bank the lease above described, properly assigned to the appellee. The appellee agreed to deposit with the bank a receipt in full releasing the appellant from all liability for accounts and attorneys' fees and from any liability for alimony. The appellant and appellee further agreed that the bank should hold the papers in escrow, and in case a divorce was secured to deliver them to the respective parties according to the terms of the agreement, and in case no divorce was granted, to re-deliver the papers to the parties from whom they came. The bill avers that the contract and all of appellant's papers above described were delivered to the bank; that the appellee secured a divorce and that the bank delivered all of the papers in accordance with the stipulations in the contract. It further avers that the appellant is advised by counsel that the inchoate right of dower of the appellee in the real estate undisposed of by the above contract is not released, and that upon demand she refuses to release the same.

It is contended by the appellant that he is entitled to a release from the appellee of her inchoate right of dower in the lands not disposed of by the contract, under the terms and conditions thereof. It is contended by appellee that the contract does not provide for a release of her inchoate dower right in the lands in question; that the contract is void on grounds of public policy, and for that reason the

courts will leave the parties thereto where it finds them. It is necessary to consider the first, only, of these objections.

The right to dower is a right which the law gives to the widow in the lands of which her husband was seized during marriage. It is inchoate during the life of the husband. It is not a debt or claim against the husband in his lifetime or against his estate after his death. A fair construction of this contract is, that the appellee only agreed to release her husband from obligations personal to him which the law imposes upon him because of the marriage relation. He owed her the duty of maintenance and support. In case of divorce secured by the wife there arises a personal obligation to pay alimony to her. Other personal obligations in this contract, within the intent of the parties, were her attorney fees, her liability to pay a certain note which she had signed as security, and a certain contract which she had signed with her husband agreeing to care for and support his mother. The wife who secures a divorce for the husband's fault does not thereby lose her dower right in his lands. It is clear from the contract and the averments in the bill that the personal obligations referred to were all the parties intended to cover by the contract.

It is contended by the appellant that the words "anything else," in the contract, are sufficient to include the appellee's inchoate right of dower. We do not believe that the language of the contract is susceptible of that construction. The instrument relates only to personal obligations and does not mention interest in lands not described therein. Its language is plain and unambiguous, and while appellant may have desired to have his lands released of the appellee's inchoate right of dower such release was not included in the contract, and this court cannot read into the contract a provision which it does not contain.

The decree of the circuit court will be affirmed.

*Decree affirmed.*