(No. 28364.—

ALICE D. CLASSEN, Public Administrator, Appellee, vs.
WILLIAM G. HEATH et al.—(FREDA REUSS, Appellant.)

*Opinion filed January 17, 1945.*

TURNER, HOLDER & ACKERMAN, and C. C. DREMAN, both of Belleville, for appellant.

H. C. LINDAUER, of Belleville, and SAUL E. COHN, of East St. Louis, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

May 14, 1937, Freda Reuss obtained a decree in the circuit court of St. Clair county granting her a divorce from her husband, LeRoy A. Reuss, upon the ground of desertion. Although Dr. Reuss then owned two parcels of real estate in the city of Belleville, no written stipulation was entered into with respect to the property rights of the parties. Reuss did not remarry. Upon his death on October 22, 1942, he was survived by brothers and sisters as his sole heirs-at-law. By his will, admitted to probate in the probate court of St. Clair county on December 8, 1942, he bequeathed and devised his entire estate, after the payment of debts, to Frances Sluderman. His heirs-at-law did not contest the will. April 27, 1944, the plaintiff, Alice D. Classen, public administrator St. Clair county, as administrator *de bonis non* with the will annexed of the estate of LeRoy A. Reuss, deceased, filed a petition in the probate court of the county to sell the two parcels of real property for the purpose of paying his debts. Plaintiff's

petition and the answer of one of the defendants, Freda
Reuss, by appropriate allegations and averments, presented
for decision the question whether Freda Reuss, the divorced
wife of the decedent, not having asserted nor claimed any
dower rights under the relevant provisions of the Probate
Act, was entitled, nevertheless, to a dower interest in the
property. August 1, 1944, the probate court found that,
not having in any manner rejected the provisions of the will
nor asserted any dower rights, she had no interest either
in fee or in dower in the real estate. A sale of the prop-
erty in which she claimed dower was ordered, and, out of
the net proceeds, plaintiff was directed to pay the claims
of William G. Heath and other defendants. Freda Reuss,
the only defendant involved here, will be referred to as
defendant. She prosecutes a direct appeal to this court,
a freehold being, necessarily, involved. *Goodkind* v. *Bart-
lett,* 136 Ill. 18.

Section 21 of the Probate Act (Ill. Rev. Stat. 1943,
chap. 3, par. 173,) ordains that a spouse who is divorced
for the fault of the other spouse is not thereby barred
from dower in the real estate owned by the other spouse
during the marriage, except when a marriage is void from
the beginning. Section 14 of the Dower Act, in force at
the time the decree of divorce was entered, was substan-
tially to the same effect. (Ill. Rev. Stat. 1935, chap. 41,
par. 14.) The Dower Act was repealed, effective January
1, 1940. (Ill. Rev. Stat. 1943, chap. 3, par. 500.) Sec-
tion 19 of the Probate Act prescribes that the surviving
spouse is barred of dower unless he (or she) perfects his
right thereto by filing, at the time and the place therein
provided, a written instrument, describing the real estate,
and declaring an intention to take dower therein. Ad-
mittedly, defendant did not comply with, nor attempt to
satisfy, the requirements of section 19.

Defendant contends that by virtue of section 21 of
the Probate Act she is entitled to dower in the real estate

owned by her former husband during their marriage and possessed by him when he died, without the necessity of renouncing his will or filing any instrument declaring her intention to take dower in the property. In other words, the provisions of the Probate Act relative to renunciation of a will and the perfection of dower, she urges, do not apply to her, for the reason that she was the divorced wife of LeRoy A. Reuss, and not his "surviving spouse." She contends, further, that the law in effect when the divorce was granted establishes her right to dower rather than the law in force at the time of his death.

The primary purpose of statutory construction is to ascertain and render effective the legislative intention. (*Schoellkopf* v. *DeVry,* 366 Ill. 39.) If the language employed admits of two constructions, one of which makes the enactment absurd, if not mischievous, while the other renders it reasonable and wholesome, the construction which leads to an absurd result should be avoided. (*Inter-State Water Co.* v. *City of Danville,* 379 Ill. 41.) Again, since statutes are to be construed according to their intent and meaning, a situation which is within the object, spirit, and the meaning of a statute is regarded as within the statute although not within the letter. 2 Lewis' Sutherland on Stat. Const. (2d ed.) sec. 379; *People ex rel. Simpson* v. *Funkhouser,* 385 Ill. 396; *Burke* v. *Industrial Com.* 368 Ill. 554.

The common-law right of dower entitled a wife to a life estate in one third of all the real estate of which her husband was seized of an estate of inheritance at any time during her coverture. (*Schoellkopf* v. *DeVry,* 366 Ill. 39.) A wife's life estate, denominated dower, arose solely by operation of law. (Kales on Estates and Future Interests, (2d ed.) sec. 20.) The right to dower is not a debt or claim against the husband in his lifetime or against his estate after his death, but is, instead, a right which the law grants the widow in the lands of which the husband

was seized during marriage, and is inchoate during the husband's lifetime. (*Knapp* v. *Knapp*, 303 Ill. 535.) This inchoate right of dower is not a vested interest but a mere expectation of property in the future, and the General Assembly may diminish, alter, or abolish dower while it remains inchoate. (*Steinhagen* v. *Trull*, 320 Ill. 382.) The rules of descent and the right to devise property, as well as the method of conveying and the manner of creating estates, are purely statutory and may be changed by the legislature in its discretion, and the changes so effected operate instantly upon all estates which subsequently may descend, be devised or conveyed. (*Steinhagen* v. *Trull*, 320 Ill. 382.) In short, the right to dower is governed by the law in force at the time of death of the person owning the property. *McNeer* v. *McNeer*, 142 Ill. 388; *Henson* v. *Moore*, 104 Ill. 403.

In the light of the applicable statutory provisions and the foregoing authorities, it is clear that, since the divorce was obtained by defendant for the fault of her husband, defendant retained an inchoate right of dower in the real estate which he owned at the time of their divorce; (*Doyle* v. *Doyle*, 268 Ill. 96;) that this right was not, however, a vested right, but, instead, an expectancy which the legislature, in its wisdom, could change, modify, or abolish. Subsequent to the divorce and prior to the death of LeRoy A. Reuss, changes were made in the law relating to dower. Defendant has not met the requirements for perfecting a right to dower, as prescribed by section 19 of the Probate Act. Plaintiff concedes that, had defendant filed the instrument in writing required by section 19, asserting her right to dower, her inchoate right would have ripened into dower consummate, and that she would have been entitled to have had dower allotted to her. Defendant maintains, however, that she is entitled to dower without the necessity of any affirmative action on her part and, indeed, that her claim to dower is valid despite the fact she had made no

effort to assert or claim such interest. To sustain her position, she argues that the provisions of the Probate Act with respect to the renunciation of a will and perfecting a right to dower relate solely to a "surviving spouse" and that inasmuch as she was the divorced wife of LeRoy A. Reuss, she was not, and could not have been, his "surviving sponse." *Krusemark* v. *Stroh*, 385 Ill. 64, and other cases to the same effect, holding that since a divorced wife is not the widow of the deceased husband, she is therefore not entitled to the rights of homestead which the law gives to the widow, do not aid defendant and, indeed, are beside the point. Defendant was not the surviving wife of LeRoy A. Reuss for the reason that divorce had terminated their marriage and, in contemplation of the law, they were strangers to each other. It does not follow, however, that she was not a "surviving spouse" within the meaning of the pertinent sections of the Probate Act. Her inchoate right to dower arose, in the first instance, because of the marital relationship and, in particular, because she was the wife of LeRoy A. Reuss at a time when he owned real estate and, further, owned the same property when she obtained a divorce from him for his fault. The divorce did not deprive her of her inchoate right to dower. It was, however, not a vested right even then, but merely an expectancy which the legislature could, and did, modify. Defendant is claiming dower because of the fact that she was at one time the spouse of LeRoy A. Reuss. The manifest legislative intent reflected by the statutory provision that a "surviving spouse" shall perfect his or her right to dower in a prescribed manner is that the quoted words are broad enough to apply not only to the surviving husband or wife, if there be one, but, also, to one who was formerly married to the decedent. In short, the expression "surviving spouse" includes not only the surviving husband or wife, as the case may be, but also those persons who were formerly husbands or wives having an inchoate right

of dower. Section 19 of the Probate Act applies to defendant, and, since she has failed to satisfy its requirements, she was not entitled to dower in the real estate in controversy.

Adequate reasons for construing the words "surviving spouse" to include "ex-spouse" suggest themselves. Today, instances prevail where a husband is divorced again and again for his fault. Stability of titles to real estate demands that clouds upon titles be removed within a reasonable period of time. If the construction of section 19 advanced by defendant were adopted, there could be no such stability for the reason that, long after the death of a person owning real estate, a former wife or husband could present herself or himself and successfully assert her or his right to dower, provided, of course, that the divorce was not obtained for her or his fault and the adjustment of property rights was not covered by the decree. It may well be that a man or woman may be divorced several times, all divorces being granted for his or her fault, respectively. These conditions which do exist afford reasons, among many others, for the inclusion of section 19 in the present Probate Act. Again, if defendant's theory be followed, a divorced wife or husband is accorded greater rights to dower than those granted to the surviving wife or husband. The construction of section 19 urged by defendant could lead only to mischievous, if not absurd, consequences. Assuredly, the surviving wife or husband must comply with section 19. Had the legislature intended to grant a preference in this regard to divorced wives and husbands, undoubtedly appropriate language to express its intent would have been employed. Plaintiff's construction is reasonable and was properly adopted by the trial court.

The order of the probate court of St. Clair county is affirmed.

*Order affirmed.*