**Mardella Klebba, Plaintiff-Appellant, v. B. A. Klebba, Defendant-Appellee.**

Gen. No. 68–13.

Fifth District.

March 11, 1969.

Dowell & Dowell, of Mt. Vernon, for appellant.

John E. Jacobsen, Craig & Craig, of Mt. Vernon, for appellee.

MORAN, J.

Plaintiff appeals from a decree of the Circuit Court of Jefferson County, Illinois, in her favor in a divorce case, claiming that the alimony and support awarded her was unreasonably low and that the trial court erred in depriving her of all interest in her husband's real property.

Plaintiff, Mardella Klebba, brought an action for separate maintenance against her husband, B. A. Klebba, on February 5, 1962. He filed an answer and counterclaimed for divorce. While this suit was pending, the parties agreed to attempt a reconciliation and thereupon filed a written stipulation under section 21.2 of chapter 40 of Ill Rev Stats 1961, which provides:

> "During the pendency of any suit for divorce, the Court shall, upon the written stipulation of both the husband and the wife that they desire to attempt a reconciliation, enter an order suspending any or all orders and proceedings for such time as the Court in its discretion may determine advisable under the circumstances so as to permit the parties to attempt such reconciliation without prejudice to their respective rights. During the period of such suspension the parties may resume living together as husband and wife and their acts and conduct in so doing shall not be deemed a condonation of any prior misconduct. Such suspension shall be revoked upon motion of either party, by order of the Court."

The trial court suspended the proceedings; however, on May 17, 1967, the defendant, B. A. Klebba, filed a motion under section 21.2, supra, to revoke the suspension and for a hearing upon his counterclaim for divorce. Plaintiff filed an amended complaint for divorce on June 14, 1967, and a hearing was held on August 24, 1967.

35

Upon the motion of defendant, the testimony presented at the 1962 hearing was allowed for consideration without objection of the plaintiff.

The parties were married on September 10, 1950, and resided on a farm from the time of the marriage until their separation in April of 1967. They had also been separated for approximately two months in 1962 when this action was originally commenced. Three children were born of the marriage, namely, Bennie Leroy Klebba, age 12, Billy Roy Klebba, age 10 and Byford Lynn Klebba, age 6. The farm home is located on a 67-acre tract of land of which five acres is taken up by the home and barnyard. The plaintiff has lived in this home since the date of marriage and all three children were raised there. During each separation, the plaintiff has continued to occupy the homestead with the children as their residence.

On September 20, 1967, the trial court entered a decree awarding plaintiff a divorce on the grounds of extreme and repeated cruelty. She was given custody of the two youngest children and support of each child at $50 per month, with $60 per month alimony awarded to the plaintiff. The decree also awarded plaintiff the defendant's automobile, the household furnishings in the residence, and the use of the homestead until October 30, 1967. Plaintiff was denied any claim or interest against or in the separate property of defendant, including all rights of dower and homestead.

 Plaintiff contends that the trial court erred in depriving her of the homestead and requiring that she vacate it not later than October 30, 1967. In Rock Island Bank & Trust Co. v. Lamont, 361 Ill 432, 198 NE 430, the court said that three conditions must exist under the Homestead Exemption Act in order that a homestead estate be created: "(1) The claimant must be a householder; (2) he must have a family; and (3) the premises must be occupied as a residence." The

36

husband, because he is recognized as the head of the family, is normally treated as owning the homestead. Johnson v. Muntz, 364 Ill 482, 4 NE2d 826. However, where a husband deserts his wife or where she obtains a divorce and the custody of the children, she becomes the head of a family and the homestead right passes to her. Maher v. Goff, 316 Ill 605, 147 NE 427. In the present case plaintiff has been found to be the innocent spouse, she has been awarded custody of the two youngest children, and she has never ceased to occupy the farm as her residence. This set of circumstances entitles plaintiff to the homestead even though title to the property is vested in defendant. Bonnell v. Smith, 53 Ill 375.

■ Section 5 of the Homestead Act (Ill Rev Stats 1967, c 52, § 5) states: "In case of divorce, the court granting the divorce may dispose of the homestead estate according to the equities of the case." Under this grant of authority, it has been held that it is within the power of the court to grant the right to occupy the homestead property to either party. Hitchcock v. Hitchcock, 373 Ill 352, 26 NE2d 108, cert den 311 US 651. Thus the court may award the right to occupy the homestead to the party into whose custody the children are given, even though the title thereto is in the name of the other party. Redfern v. Redfern, 38 Ill 509; Jolliff v. Jolliff, 32 Ill 527.

Section 5, supra, can be completely understood only when read with section 16 of chapter 68 of Ill Rev Stats 1967, which provides:

> "Neither the husband nor wife can remove the other or their children from their homestead without the consent of the other, unless the owner of the property shall, in good faith, provide another homestead suitable to the condition in life of the family. . . ."

The court in Bailey v. Hamilton, 337 Ill 617, 169 NE 743, declared:

> "By her marriage and residence on the premises in question here, appellant Evelyn Bailey acquired the right to occupy them as her homestead. Her husband could not deprive her of that right without her consent. He could not require her to remove from those premises without providing a homestead suitable to her station in life in its stead. The law recognizes the rights of husband and wife in this respect as co-ordinate, and has declared by statute that where a homestead exists neither can change the residence of the other from that homestead without such other's consent or unless another suitable homestead is provided."

The discretion authorized by section 5, supra, thus does not allow a court to arbitrarily deprive a wife of her right to the continuity of a home. The purpose of the Homestead Act is to insure to the family the possession and enjoyment of a home. If a court through the adjustment of the equities of a particular case finds it necessary to deprive a wife of homestead even though she is the innocent spouse, is the head of a family, and has always used the homestead as a residence, he must adequately compensate her for such loss so that she may find another home. The trial court in the instant case did not balance the equities involved in such a manner as to compensate plaintiff for her loss of homestead.

The trial court in its decree also denied plaintiff all rights of dower in the separate property of defendant. The party at fault in a divorce case forfeits, while the party not at fault retains the right of dower. Doyle v. Doyle, 268 Ill 96, 108 NE 796; Knapp v. Knapp, 303 Ill 535, 135 NE 732; Classen v. Heath, 389 Ill 183, 58 NE2d 889; Ill Rev Stats 1967, c 3, § 21.

Plaintiff also contends that she has proved that she is entitled to a portion of the real and personal property acquired during the marriage because her work and effort were largely responsible for the accumulation of this wealth.

The general rule in this state is that in a divorce proceeding the court will not transfer to the wife, who has prevailed in the suit, the fee-simple title to real estate of which the husband is seized, unless the wife shows special circumstances and existing equities which justify it. Ylonen v. Ylonen, 2 Ill2d 111, 117 NE2d 98. Also, where property is held by one of the parties to a divorce proceeding which has been accumulated by the joint efforts of the two, then such property should be divided according to such equity as exists between them. Ylonen v. Ylonen, supra. In the present case, the evidence is clear that much of the real and personal property of which defendant was legally seized was obtained only after his marriage to plaintiff, and the evidence would support an award of a portion of the real estate to plaintiff. However, after a careful examination of the record we are unable to say that the trial court's finding regarding the property, except for its findings as to dower and homestead, are against the manifest weight of the evidence.

Plaintiff also argues that the trial court erred in awarding an inadequate amount of alimony. She was awarded child support of $100 per month and alimony of $60 per month.

At the time of the marriage, defendant owned the home place of 67 acres, an 80-acre tract, and was buying a 111-acre tract. At the divorce proceedings in 1967, defendant testified that he owned 507 acres of land, the home place consisting of 67 acres and tracts of 111, 100, 80, 80, 40 and 29 acres. Defendant estimated that the home place had a value of between $25,000 and

$30,000, and the value of the remaining 440 acres of real property owned by him to be worth about $53,200. He also testified in 1962 that the livestock and personal property consisting of farm machinery was valued at $21,730. In 1967 he appraised the livestock alone to be worth about $9,350. Mortgages of approximately $37,000 encumbered defendant's land and cattle in 1967. He was also expecting a check for $8,000 from the U. S. Government as further compensation for land which had been taken from him.

The proper measure of alimony is the need of the wife and the ability of the husband to pay. Herrick v. Herrick, 319 Ill 146, 149 NE 820. The only evidence introduced as to plaintiff's need was her testimony in 1962 that it would cost between $450 and $500 a month to live in a rented house equivalent to the present homestead. We fail to see how an award of $720 per year in alimony in any way reflects a correlation between plaintiff's need and defendant's ability to pay. Under the present factual situation we find the alimony which was awarded grossly inadequate.

Plaintiff further asserts that the trial court erred in not awarding property or money in gross in lieu of alimony. We find nothing in the record to compel us to say that such a determination was an abuse of discretion. It would have been helpful in this case if there had been better proof of the value of the property.

The decree is affirmed in part and reversed in part and the cause is remanded to the Circuit Court of Jefferson County with directions to proceed in accordance with the views expressed in this opinion.

Affirmed in part, reversed in part, and remanded with directions.

GOLDENHERSH and EBERSPACHER, JJ., concur.