Jacqueline KLINE and Roy Kline, Plaintiffs,

v.

J. I. CASE COMPANY, a foreign corporation, Defendant.

No. 80 C 4575.

United States District Court, N. D. Illinois, E. D.

July 8, 1981.

Nicholas Liontakis, Homewood, Ill., for plaintiffs.

Raymond Cusack, Johnson, Cusack & Bell, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge.

Plaintiff Jacqueline Kline was severely injured in October, 1979, by a farm combine being used by her husband, plaintiff Roy Kline. Although the Klines had bought the machine only one week before the accident, it had been manufactured by defendant J. I. Case in May, 1940, and sold to its first purchaser on June 14, 1941.

Count I of plaintiffs' complaint is based on strict tort liability. Count II is the husband's claim for loss of consortium, based on the same theory. Counts III and IV are for breach of warranty and Counts V and VI are negligence counts.

As affirmative defenses to Counts I and II, defendant alleges (1) that plaintiffs' cause of action in strict liability is barred by the Illinois Statute of Repose, Ill.Rev.Stat. ch. 83, § 22.2, (2) assumption of the risk, and (3) misuse of the product. Plaintiffs have moved to strike defenses (1) and (3). Defendant concedes that misuse of a product is not, strictly speaking, an affirmative defense under Illinois law, and that defense shall be stricken. Plaintiffs' motion to strike the first affirmative defense, however, is denied.

* To our knowledge, the validity of the Illinois Statute of Repose has not yet been considered by the Illinois courts.

The Statute of Repose, Ill.Rev.Stat. ch. 83, § 22.2, bars a cause of action based on strict tort liability if the product was sold by the manufacturer more than 12 years, or if it was bought by the initial consumer more than 10 years, prior to the injury-causing occurrence, whichever period expires earlier. As the farm combine involved in this case was first purchased by a consumer more than 10 years prior to Mrs. Kline's injury, the statute, if valid, will act as a bar to Counts I and II.*

■ Plaintiffs first attack the statute on the grounds that it is "misguided" and the result of "an intensive legislative lobby effort by the insurance industry." Plaintiffs' Motion to Strike at 3. These allegations, however, provide no justification for this court to overturn or otherwise modify the statute. "It is not a function of [a federal district court] to substitute its judgment for that of the state legislature as to matters within the realm of the legislature's discretion." *Wall & Ochs, Inc. v. Grasso*, 469 F.Supp. 1088, 1092 (D.Conn.1979).

Plaintiffs next contend that the statute is inequitable because it bars a cause of action before it arises. That is precisely what the legislature intended the statute to do, however. In support of their position, plaintiffs cite a number of Illinois decisions involving the "discovery rule" in which the courts in effect extended the statute of limitations in certain circumstances. These cases are inapplicable to the present case, especially in light of *Anderson v. Wagner*, 79 Ill.2d 295, 37 Ill.Dec. 558, 402 N.E.2d 560 (1980), in which the Illinois Supreme Court upheld the medical malpractice statute of limitations creating an outer limit of four years within which a patient may file a medical malpractice claim.

■ Plaintiffs' next argument is that the Statute of Repose must be given prospective application only. By "prospective application," plaintiffs mean that the statute should be applied to products manufactured after the statute's effective date, January

1, 1979. This, however, was not the legislature's intention.

The statute on its face applies "to any *cause of action* accruing on or after January 1, 1979, involving any *product* which was in or entered into the stream of commerce prior to, on, or after January 1, 1979." Ill.Rev.Stat. ch. 83, § 22.2(g) (emphasis added). The Illinois legislature clearly and explicitly distinguished between the accrual of the cause of action and the entry of the product into the stream of commerce in establishing the statute's applicability. As to the accrual of the cause of action, the statute is prospective; as to the entry of the product into the stream of commerce, the statute is retroactive.

The cases plaintiffs cite to support their position on prospective application are inapposite. The cited cases deal with the application of a newly-enacted statute to pre-existing causes of action. On January 1, 1979, the effective date of the Statute of Repose, plaintiffs did not have a cause of action.

Plaintiffs then cite *Board of Education v. Blodgett*, 155 Ill. 441, 40 N.E. 1025 (1895), which held that the right to raise the statute of limitations as a defense to a cause of action, once the statute has run, is a vested right that cannot be taken away by legislation. From this holding, the plaintiffs argue that it necessarily follows that a statute can never bar a cause of action before it accrues. This is a non-sequitur. That the legislature cannot "legislate away" a vested right is not relevant to the legislature's power to limit manufacturers' potential liability in causes of action based on strict tort liability which accrue after the effective date of the statute.

Finally, plaintiffs argue that the Statute of Repose is invalid because it is a "special law." They characterize it as a special law in two ways; first, because it applies only to strict tort liability actions and not to claims based on negligence or contract, and secondly, because it does not apply to actions by state or federal regulatory agencies.

The distinction between strict tort liability actions on the one hand, and negligence and contract claims on the other, is reasonably based. Strict liability is a "no-fault," non-bargained-for liability that raises policy questions not at issue in actions for negligence or breach of contract. The state legislature may choose to treat these different actions in different ways.

A fair reading of the statute reveals that it does not exclude *all* actions by state or federal regulatory agencies. The statute states only that actions brought by state or federal regulatory agencies *pursuant to statute* are not "product liability actions" within the meaning of the statute. It does not appear, as plaintiffs argue, that "the State of Illinois (or even the State of Alaska) could file an action *under strict tort liability* in Illinois courts but not an Illinois citizen." Plaintiffs' Motion to Strike at 12 (emphasis added). The action by the state would have to be "pursuant to statute;" otherwise the state would be subject to the same limitations as any individual. The reason for the exception is clearly to prevent the limitations of this statute from interfering with other state or federal regulatory schemes, as in the area of pollution control, for example.

The challenged statute, as its name indicates, is not truly a statute of limitations. Statutes of limitations extinguish, after a period of time, the right to prosecute an accrued cause of action. This statute, by way of contrast, limits a manufacturer's potential liability by limiting the time during which a cause of action can arise. As plaintiffs contend, the statute serves to bar causes of action before they accrue.

One remaining issue (which plaintiffs did not address) is whether the state legislature has the power to limit by statute a judicially created right.** It seems clear that the legislature does have such power. By way of analogy, Illinois courts have acknowl-

---

** A cause of action for strict liability in tort was first recognized in Illinois by the court in *Suva-*    *da v. White Motors*, 32 Ill.2d 612, 210 N.E.2d 182 (1965).

edged that the state legislature could abolish the commonlaw right of dower, in any case where that right is presently inchoate. *Classen v. Heath*, 389 Ill. 183, 187, 58 N.E.2d 889 (1945). Plaintiffs' "right" to bring a strict liability cause of action was inchoate at best, and probably only a "mere possibility" at the time the legislature passed the Statute of Repose. This court will not interfere with the state legislature's decision to restrict or abolish that cause of action, so long as the state's action is not arbitrary or lacking any rational connection to a legitimate state interest. The challenged statute is neither.

Accordingly, plaintiffs' motion to strike the first affirmative defense to Counts I and II is denied.