574 F.Supp. 641 (1983)
Christine HANSEN, Plaintiff,
v.
SEARS, ROEBUCK & CO., et al., Defendants.
No. 83-438C(1).
United States District Court, E.D. Missouri, E.D.
November 22, 1983.
*642 John J. Frank, St. Louis, Mo., for plaintiff.
David S. Slavkin, Gerard T. Carmody, George S. Hecker, St. Louis, Mo., for Sears, Roebuck and Whirlpool Corp.
Henry D. Menghini, St. Louis, Mo., for McGraw-Edison.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on defendants Whirlpool and Sears' motion for summary judgment. Defendants contend that the Indiana statute of repose, § 33-1-1.5-5[1] of the Indiana Product Liability Act, bars the instant action. Plaintiff contends that the statute does not apply. Although defendants' position is interesting, it is without merit.
Plaintiff's cause of action arises out of an accident involving defendants' product. Essentially, plaintiff alleges that she touched the handle of a refrigerator while she was at work and received an electric shock from said refrigerator.[2] The refrigerator was manufactured by defendant Whirlpool in Indiana and sold to plaintiff's employer, by defendant Sears, in Missouri. Plaintiff is a Missouri resident and citizen, plaintiff's employer has its place of business in Missouri and the accident occurred in Missouri. Defendant Whirlpool is a Delaware corporation. Plaintiff proceeds under a theory of strict products liability, alleging that the refrigerator was unreasonably dangerous and defective in that it was not grounded and caused electrical shock, and that defendants failed to warn plaintiff of said danger.
Defendants argue that the Indiana statute of repose for products liability actions bars plaintiff's action. Section 33-1-1.5-5 of the Indiana Code provides:
any product liability action must be commenced within two [2] years after the cause of action accrues or within ten [10] years after the delivery of the product to the initial user or consumer; except that, if the cause of action accrues more than eight [8] years but not more than ten [10] years after that initial delivery, the action may be commenced at any time within *643 two [2] years after the cause of action accrues.
I.C. § 33-1-1.5-5 (1978). See Dague v. Piper Aircraft Corp., 513 F.Supp. 19 (N.D. Ind.1980). Defendants Whirlpool and Sears argue that because the product in question here was manufactured in Indiana in 1966 and delivered to the initial user in 1967, the above statute of repose bars plaintiff's action. Plaintiff argues that Missouri law, which does not contain a statute of repose,[3] applies to this diversity action and that the Indiana statute of repose does not apply. Resolution of these competing claims turns on application of choice-of-law principles.
It is well-settled, under Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), that a federal diversity court must follow the choice-of-law rules of the forum state to determine which state's law applies. It is also well-settled, in Missouri, that a Missouri court will apply Missouri law to procedural questions even if a foreign state's substantive law governs the underlying substantive dispute. Kennedy v. Dixon, 439 S.W.2d 173, 180 (Mo. banc 1969). Missouri courts apply Missouri law to determine which questions are procedural and which are substantive. Id.; Renfroe v. Eli Lilly & Company, 686 F.2d 642, 686 (8th Cir.1982); Keaton v. Crayton, 326 F.Supp. 1155, 1157-58 (W.D.Mo.1969).[4] With respect to substantive questions, Missouri courts now apply the conflicts rules of the Restatement (Second) on Conflict of Laws, § 145. Kennedy, 439 S.W.2d at 181-86.
Missouri courts would treat a statute of repose, like that in Indiana, as a procedural rule and therefore apply Missouri law on this particular question. Carwood Realty Company v. Gangol, 232 S.W.2d 399, 401 (Mo.1950) (statute of repose "simply precludes the bringing of an action to enforce rights, it affects the remedy only"). Because Missouri does not have a statute of repose that would bar plaintiff's action, it would not be barred here. The only consideration that might change this result is the Missouri borrowing statute.
The Missouri borrowing statute, R.S.Mo. § 516.190, provides:
When a cause of action has been fully barred by the law of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.
Applying this statute to the facts of this case, plaintiff's cause of action would not be barred by the law of Missouri, see note 3 supra, and therefore, it could only be barred by the law of another state if the cause of action "originated" elsewhere. However, in Missouri, "a cause of action originates where the final element of the cause of action occurs." Renfroe v. Eli Lilly and Company, 686 F.2d 642, 647 (8th Cir.1982). Here, the accident and plaintiff's resulting injuries occurred in Missouri. Thus, the cause of action originated in Missouri, Missouri would not borrow the statute of limitations of another jurisdiction, *644 and plaintiff's action would not be barred.
In the alternative, if Missouri courts were to construe the issue of whether plaintiff's cause of action is barred as a substantive issue, rather than procedural, then Missouri courts would apply the conflicts rules expressed in § 145 of the Restatement (Second). Section 145 provides:
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.
Restatement (Second) on Conflict of Laws § 145 (emphasis added). The rules set forth in § 145 are commonly referred to as the "most significant relationship" approach. The principles of § 6, referred to in § 145 above, are as follows:
Choice of law principles are:
(a) The needs of the interstate and international system;
(b) The relevant policies of the forum;
(c) The relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;
(d) The protection of justified expectations;
(e) The basic policies underlying the particular fields of law;
(f) Certainty, predictability and uniformity of result; and
(g) Ease of determination and application of the law to be applied.
Restatement (Second) on Conflict of Laws § 6. If application of these rules leads to the conclusion that the relationships of more than one state, of which the forum is one, to the issue in question are equivalent, or it is difficult to determine which state has the most significant relationship, then Missouri courts apply the law of the place of the tort. Carver v. Schaefer, 647 S.W.2d 570, 578 (Mo.App.1983).
Applying these principles to the facts of this case, it is the opinion of this Court that Missouri has the most significant relationship to the question of whether a product manufacturer's liability should be limited by limiting the time during which a cause of action can arise. The place where the injury occurred is Missouri and plaintiff is a Missourian. Defendant Sears has a place of business in Missouri and the product in question was sold to a Missourian in Missouri. The only significant contact that does not point to Missouri is the fact that defendant Whirlpool manufactured the product in Indiana. This Court is not of the opinion that this single fact is enough to overcome the other overwhelming contacts with the State of Missouri. This conclusion is especially compelling in view of the facts that plaintiff's cause of action originated in Missouri and the merits of plaintiff's cause of action are governed by the substantive products liability law of Missouri. It is incomprehensible to this Court that an Indiana statute of repose could operate to bar a cause of action in a Missouri federal court based upon Missouri substantive law, simply because the product involved happened to be manufactured in Indiana. Defendants have not pointed to any decision reaching such a result.
The choice of Missouri law as the law applicable to this question is also justified by consideration of the principles enumerated in § 6. The Indiana products liability statute of repose has as its primary purpose, *645 to limit the liability of product manufacturers. Scalf v. Berkel, Inc., 448 N.E.2d 1201, 1204 (Ind.App.1983). Apparently, the Indiana Legislature felt that the liability exposure of manufacturers in Indiana was excessive. Id. However, the absence of such a statute in Missouri strongly implies that the Missouri Legislature has struck the balance between encouraging safety in the manufacture of products sold in Missouri and limiting the potential liability of manufacturers, in favor of the former. The interest of Missouri in determining for itself the scope of liability of manufacturers of products which cause injury in Missouri to Missouri residents, is stronger than the interest of Indiana in having its statute of repose applied to products manufactured in Indiana.
Indeed, the Indiana statute of repose does not, by its terms, apply only to products manufactured in Indiana. Arguably, it also applies to product liability actions brought under Indiana substantive law with respect to products manufactured outside of Indiana. The statute does not, by its terms, give special protection to products manufactured in Indiana, nor does it expressly evidence an intent to bar actions in foreign states based upon foreign products liability law where the product happens to have been made in Indiana. Moreover, this Court has grave doubts about the power of Indiana, under the federal Constitution, to achieve such a result if it did express such an intent.
Finally, this Court notes in passing that while both the Due Process and the Full Faith and Credit Clauses apply to state statutes, Carroll v. Lanza, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183 (1955), and while both clauses limit the freedom of application of a state's choice of law rules, Allstate Insurance Co. v. Hague, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981), Missouri's choice of Missouri law in this case on this issue does not exceed those limits.[5]Allstate makes it clear that a state may choose to apply forum law where it has any significant contacts with the parties and the occurrence. In the case at bar Missouri has several such significant contacts and, therefore, application of Missouri law and the denial of application of the Indiana statute of repose is neither arbitrary nor fundamentally unfair. Allstate, 449 U.S. at 320, 101 S.Ct. at 644.
Accordingly, defendants' motion for summary judgment is denied.
NOTES
[1] This section is now codified at I.C. § 34-4-20A-5.
[2] Plaintiff is also suing the manufacturer of a deep fryer, McGraw-Edison Company. Allegedly, upon receiving the shock from the refrigerator, plaintiff fell to the floor and knocked the deep fryer, full of hot grease, onto herself. Plaintiff alleges that the deep fryer was defective in that it could be tipped over. Defendant McGraw-Edison is not a party to the instant motion for summary judgment.
[3] Plaintiff's claim was filed in November, 1982, and the accident occurred in June, 1981. There is no question that plaintiff filed her claim within the applicable Missouri statute of limitations. R.S.Mo. § 516.120 (5 years). The issue here is whether Missouri law, which does not have a statute of repose, or Indiana law, which does, should apply.

There is a subtle, but significant, distinction between a statute of limitation and a statute of repose. "Statutes of limitations extinguish, after a period of time, the right to prosecute an accrued cause of action." Kline v. J.I. Case Company, 520 F.Supp. 564, 566 (N.D.Ill.1981). Statutes of repose, on the other hand, limit "a manufacturer's potential liability by limiting the time during which a cause of action can arise." Id. Therefore, if a statute of repose applies, it is possible that the action will be barred even though filed within the time allowed by an applicable statute of limitations.
[4] A state's characterization of issues concerning statutes of limitations as procedural or substantive has no effect on the applicability of state law on these questions in a federal diversity court. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) (state statute of limitations applies to a state-created right in federal diversity court).
[5] This question is analytically distinct from the issue of whether statutes of repose are unconstitutional deprivations of property without due process of law. See Mathis v. Eli Lilly and Company, 719 F.2d 134 (6th Cir.1983) (constitutional); Philpott v. A.H. Robbins Co., Inc., 710 F.2d 1422, 1425 (9th Cir.1983) (constitutional).