854 F.Supp. 600 (1994)
Theodore P. MOSES, Plaintiff,
v.
BURLINGTON NORTHERN RAILROAD COMPANY and Union Pacific Railroad Company, Defendants.
No. 4:92CV00412 GFG.
United States District Court, E.D. Missouri, Eastern Division.
May 23, 1994.
Douglas P. Dowd, Dowd and Dowd, St. Louis, MO, for Theodore P. Moses.
William A. Brasher, Atty., Richard F. Nash, Sr., Peter J. Barkofske and Richard F. Nash, William A. Brasher Law Offices, St. Louis, MO, for Burlington Northern R. Co.
Dan H. Ball, J. Powell Carman, Associate, and Michael D. O'Keefe, Partner, Thompson and Mitchell, St. Louis, MO, for Union Pacific R. Co.
R. Michael Steele and Donald C. Bollard, Sherman and Taff, Kansas City, MO, for Mid-South Milling Co., Inc.
Paul M. Brown and Wendy Wiedemann-Hudson, Coburn and Croft, St. Louis, MO, for Atchison, Topeka & Sante Fe R. Co.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on various pretrial motions.
Plaintiff Theodore P. Moses brings this action against defendants Burlington Northern Railroad Company (Burlington Northern), Union Pacific Railroad Company (Union Pacific) and Atchison, Topeka and Santa Fe Railroad Company (Atchison) to recover for injuries he sustained when a pull-plate broke free from a railroad car, striking him in the head. Plaintiff was moving the railroad car as part of his duties as a grinder and a laborer for his employer, Mid-South Milling Company (Mid-South), when the accident occurred. Counts I-IV of plaintiff's second amended complaint allege that Burlington Northern and Union Pacific are liable for plaintiff's injuries under theories of negligence and strict liability. In Count V of the second amended complaint, plaintiff seeks damages from Atchison under a theory of *601 strict liability. Burlington Northern and Union Pacific have filed third-party complaints against Mid-South, and Union Pacific has filed a third-party complaint against Atchison. Defendants have also filed cross-claims for contribution.
Defendants move the Court to apply Kansas state law in this action. Specifically, defendants argue that Kansas has the most significant relationship to the circumstances surrounding plaintiff's accident. Plaintiff opposes the motions arguing that the Court should apply Missouri law to plaintiff's tort claims.
"A district court, sitting in diversity, must follow the choice-of-law approach prevailing in the state in which it sits." Dorman v. Emerson Electric Co., 23 F.3d 1354, 1357 (8th Cir.1994) (citing Birnstill v. Home Savings of America, 907 F.2d 795, 797 (8th Cir.1990)); Hansen v. Sears, Roebuck & Co., 574 F.Supp. 641, 643 (E.D.Mo.1983). Missouri courts have adopted the choice-of-law rules of the Restatement (Second) on conflict of laws. Dorman, supra; Daniel Hamm Drayage Co. v. Waldinger Corp., 508 F.Supp. 390 (E.D.Mo.1981); Galvin v. McGilley Memorial Chapels, 746 S.W.2d 588, 590 (Mo.Ct. App.1987); Kennedy v. Dixon, 439 S.W.2d 173, 181-86 (Mo. banc. 1969).
Section 145 of the Restatement creates the general rule in all tort cases that the law of the state with the most significant relationship to the occurrence will determine the rights and liabilities of the parties. Dorman, supra, 23 F.3d at 1357; Hansen, supra at 644. Section 145 provides:
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.
Section 146 sets forth the general rule with respect to personal injury actions:
In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.
"Missouri law establishes that where it is difficult to see clearly that a particular state has the most significant relationship to an issue, the trial court should apply the lex loci delicti rule; that is, it should apply the substantive law of the place where the injury occurred." Dorman, supra, 23 F.3d at 1357 (citing Kennedy v. Dixon, supra at 185).
Plaintiff's injury occurred in Kansas City, Kansas on the premises of Mid-South. Plaintiff alleges that while he and his co-workers were moving a Burlington Northern railcar with a mechanical car puller, a pull-plate came loose from the railcar and struck plaintiff in the head causing him serious injury. Plaintiff alleges that the pull-plate broke loose from the railcar because of a defect in the weld by which the pull-plate was attached to the railcar.
Burlington Northern owned the railcar involved in the accident. On October 1, 1991, Burlington Northern interchanged the railcar to Atchison in Amarillo, Texas. Atchison took possession of the railcar and delivered it to Iowa Beef Packers who loaded the railcar in Amarillo. Atchison then transported the railcar to Kansas City, Kansas and interchanged the railcar to Missouri Pacific Railroad Company (MoPac) on October 10, 1991. MoPac interchanged the railcar to Union Pacific on October 11, 1991, and Union Pacific delivered the railcar to Mid-South on October *602 16, 1991. On October 17, 1991, plaintiff was injured.
Pursuant to the principles set forth in Section 146 of the Restatement as adopted by Missouri, there is a presumption in favor of applying the law of Kansas to plaintiff's personal injury claims. This presumption "may be rebutted, however, if, as demonstrated by the principles enunciated in section 6 in light of the contacts listed in section 145, another state has a more significant relationship to the accident". Dorman, supra, 23 F.3d at 1357.
Plaintiff argues that Missouri has the most significant relationship to this action because: (1) all of the defendants do business every day in Missouri; (2) plaintiff is a resident of Missouri and entered into his contract with Mid-South in Missouri; (3) the plaintiff's treating physicians and therapists are in Missouri; (4) several of plaintiff's expert witnesses are in the state of Missouri; (5) plaintiff's family lives in Missouri; and (6) the broken pull-plate which injured plaintiff is in Missouri.
The Court finds plaintiff's argument insufficient to overcome the presumption created by § 146. An application of the principles enunciated in § 145 reveals that Kansas has the most significant relationship to this action.

A. PLACE WHERE THE INJURY OCCURRED
It is undisputed that plaintiff's injury occurred in Kansas.

B. PLACE WHERE THE CONDUCT CAUSING THE INJURY OCCURRED
Plaintiff alleges that the conduct causing the injury was the defective welding of the pull-plate in Pennsylvania. Even if plaintiff's allegation is true, this contact does not enhance Missouri's relationship to this action. Defendants correctly note that the conduct causing the injury in this case may have been the handling/inspection of the railcar as it was interchanged among the defendants between Texas and Kansas. If true, such a contact would favor Kansas, where the railcar travelled and was interchanged, rather than Missouri.

C. DOMICILE, RESIDENCE, PLACE OF INCORPORATION AND PLACE OF BUSINESS OF THE PARTIES
In his opposition to defendants' motions, plaintiff states that he is domiciled in Missouri. However, in his deposition plaintiff states that he is currently residing in Carbondale, Illinois. Plaintiff also argues that Union Pacific and Burlington Northern are domiciled in Missouri. The basis for plaintiff's assertion seems to be that the defendants have offices and do business in Missouri. In fact, Burlington Northern is a Delaware corporation with its principal place of business in Texas. Union Pacific is a Utah corporation with its principal place of business in Nebraska. Finally, Atchison is a Delaware corporation with its principal place of business in Kansas. While plaintiff is correct in his assertion that all defendants do business in Missouri, it is also a fact that all defendants do business in Kansas.

D. THE PLACE WHERE THE RELATIONSHIP, IF ANY, BETWEEN THE PARTIES IS CENTERED
Aside from plaintiff's contention that he is domiciled in Missouri and that defendants do business in Missouri, nothing suggests that Missouri is the center of the relationship between the parties in this action. Plaintiff was working in Kansas for an employer (Mid-South) whose principal place of business is in Kansas. Plaintiff was injured in Kansas while working for that employer. Atchison delivered the railcar to Union Pacific in Kansas and Union Pacific delivered the railcar to Mid-South in Kansas. Burlington Northern had a monetary interest in the railcar's use while in Kansas. Accordingly, the Court finds that the relationship between the parties is centered in Kansas rather than Missouri.
Plaintiff argues further pursuant to § 6(2)(b), (c), and (e) that public policy mandates the application of Missouri law. Specifically, plaintiff argues that his recovery may be limited under Kansas law by "intangible *603 damage caps" and allocation of fault to "phantom parties."
Kansas does place a limit on the amount a plaintiff may recover for "pain and suffering" in a personal injury action. Kan.Stat.Ann. § 60-19a01(b) (1993). Missouri personal injury law is concerned with compensation of victims. Asaro v. Cardinal Glennon Memorial Hosp., 799 S.W.2d 595, 599 (Mo. banc 1990). However, the Court cannot conclude that this factor is so pivotal as to overcome the presumption that Kansas, the state where the injury occurred, has the most significant relationship to the action. Plaintiff's argument regarding Missouri policy interests is further weakened by the fact that plaintiff is no longer residing in the state of Missouri. With respect to plaintiff's concerns over the designation of phantom parties, the Court notes that no phantom parties have been designated in this action and that those parties whom defendants may have sought to so designate are already named parties to this action.
The remaining factors set forth in § 6 of the Restatement provide no basis upon which to rebut the § 146 presumption in this action. Plaintiff's remaining assertions relating to the location of witnesses, doctors, family and a trial exhibit are unpersuasive. None of these factors are included in the Restatement's approach. Accordingly, the Court will grant defendants' motions to apply Kansas law.
Third-party defendant Mid-South moves to quash service of summons and to dismiss the third-party complaint filed against it by Union Pacific. Specifically, Mid-South alleges that this Court lacks sufficient jurisdiction over Mid-South to proceed on the third-party complaint. Union Pacific argues that this Court has jurisdiction over Mid-South because Missouri is the place of the contract between the parties and therefore Mid-South was properly served under Missouri's long-arm statute.
"In passing on a motion to dismiss for lack of jurisdiction for a non-resident, a federal diversity court is required to engage in a two-step inquiry: first, whether defendant committed one of the acts enumerated in the long-arm statute; and second, whether the exercise of personal jurisdiction over defendant violates the due process clause of the fourteenth amendment." The Land-O-Nod Co. v. Bassett Furniture Industries, Inc., 708 F.2d 1338 (8th Cir.1983; Scullin Steel Co. v. National Railway Utilization Corp., 676 F.2d 309, 312 (8th Cir.1982); Taylor v. Uniden Corp. of America, 622 F.Supp. 1011, 1012 (E.D.Mo.1985). Missouri's long-arm statute enumerates those situations wherein courts may exercise jurisdiction over non-resident defendants. These situations include "(2) The making of any contract within this state." Mo.Rev.Sta. § 506.500.1(2).
In the present case, an Industrial Track Agreement was entered into between Mid-South and Union Pacific in November, 1986. Pursuant to the terms of the contract the parties agreed to "pay equal parts of the loss that arises out of the joint or concurring negligence of the railroad and the industry, whether or not the acts or omissions of a third person contributed to the cause of the loss." The agreement was signed by Mid-South and then sent to Union Pacific's office in Kansas City, Missouri where the agreement was signed by Union Pacific. "Under Missouri law, the place of contract is where the final act occurs which makes a binding contract." St. Louis Fed. Sav. & Loan v. Silverado Banking, 626 F.Supp. 379, 382 (E.D.Mo.1986); Servco Equipment Co. v. C.M. Lingle Co., 487 S.W.2d 869, 870 (Mo.Ct. App.1972). Accordingly, the place of the contact between these parties is Missouri and therefore Mid-South has submitted itself to the jurisdiction of the courts of this state. St. Louis Fed. Sav. & Loan, supra at 383. Furthermore, Mid-South communicated with Union Pacific's Kansas City office whenever problems or questions arose relating to the agreement. On the basis of these facts, the Court concludes that the exercise of jurisdiction over Mid-South does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 *604 L.Ed. 95 (1945). Accordingly, Mid-South's motion to quash and to dismiss for lack of jurisdiction will be denied.
Atchison moves to dismiss the third-party complaint against it filed by Union Pacific for failure to state a claim. In that complaint, Union Pacific seeks contribution from Atchison. Specifically, Atchison argues that "[u]nder Missouri substantive law, in order for UP to claim to be entitled to `contribution' from [Atchison], UP must itself claim it is liable, and then claim it therefore bears a disproportionate obligation to plaintiff Moses." Atchison notes that Union Pacific denies liability to plaintiff and therefore fails to state a claim for contribution. In light of the Court's ruling that the substantive law of Kansas, not Missouri, will be applied to this action, Atchison's motion to dismiss Union Pacific's third-party complaint will be denied. Mid-South also filed a motion to dismiss the third-party complaint filed against it by Union Pacific based on the same argument and adopting Atchison's memorandum in support. This motion will also be denied.
On April 28, 1994, plaintiff filed a motion for leave to file a negligence count against Atchison. On February 22, 1993, the Court ordered "[n]o amended causes of action to be pleaded by plaintiff against defendants." Consequently, the Court will not allow plaintiff to plead a new cause of action based on negligence against Atchison at this late date and just prior to trial. Plaintiff also seeks to amend by interlineation Count III of plaintiff's second amended complaint. This amendment does not amount to a newly pleaded cause of action against Union Pacific and the Court will grant plaintiff's motion to amend Count III. Accordingly,
IT IS HEREBY ORDERED that the motion of defendant Atchison, Topeka & Santa Fe Railroad Company to quash service of summons, filed June 30, 1993, is denied.
IT IS FURTHER ORDERED that the motion of third-party defendant Mid-South Milling Company, Inc. to quash and to dismiss for lack of jurisdiction, filed July 9, 1993, is denied.
IT IS FURTHER ORDERED the motion of defendant Atchison, Topeka & Santa Fe Railroad Company to dismiss for failure to state a claim upon which relief can be granted, filed September 21, 1993, is denied.
IT IS FURTHER ORDERED that the motion of third-party defendant Mid-South Milling Company, Inc. to dismiss the third-party complaint of Burlington Northern Railroad Company, filed September 27, 1993, is denied.
IT IS FURTHER ORDERED that the motion of defendant Atchison, Topeka & Santa Fe Railroad Company to file a cross-claim against defendant Union Pacific, filed February 22, 1994, is granted.
IT IS FURTHER ORDERED that the motions of defendants Atchison, Topeka & Santa Fe Railroad Company, Union Pacific Railroad Company and Burlington Northern Railroad Company to apply Kansas law, filed March 18, March 23, and April 8, 1994, respectively, are granted.
IT IS FURTHER ORDERED that plaintiff's motion for leave to file a negligence count against defendant Atchison, Topeka & Santa Fe Railroad Company, filed April 28, 1994, is denied.
IT IS FURTHER ORDERED that plaintiff's motion for leave to amend by interlineation Count III of the second amended complaint, filed April 28, 1994, is granted.
IT IS FURTHER ORDERED that plaintiff's motion for sanctions, filed May 10, 1994, is denied.