MARY L. GOODSON, Indiv. and as Adm'x of the Estate of William Goodson, Deceased, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Ferro Engineering, Appellee).

First District (Industrial Commission Division)   No. 1—88—3550WC

Opinion filed October 6, 1989.

Marvin A. Brustin, Ltd., of Chicago, for appellant.

Wiedner & McAuliffe, Ltd., of Chicago (Mark C. Wiedner and James S. Smith, of counsel), for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The petitioner, Mary L. Goodson, filed an application for adjustment of claim under the Worker's Occupational Diseases Act (the Act) (Ill. Rev. Stat. 1977, ch. 48, par. 172.36 *et seq.*), alleging a claim for her husband's death due to his exposure to asbestos while employed by the respondent, Ferro Engineering. The arbitrator dismissed the petitioner's claim, finding that it had been filed beyond the applicable statute of limitations period. On review, the Industrial Commission (Commission) affirmed the arbitrator's decision. Judge Mary Conrad of the circuit court of Cook County confirmed the Commission's decision. The petitioner appeals.

At the hearing on the respondent's motion to dismiss, the arbitrator accepted the petitioner's recitation of the facts as true for purposes of that hearing. Consequently, the facts are undisputed on appeal. The decedent, William Goodson, was employed by the respondent from 1966 through 1972. His last exposure to asbestos was in 1972. He was not disabled at any time between 1972 and 1979. On January 6, 1979, he was admitted to the hospital and was subsequently diagnosed as having carcinoma of the lung. As a result of the cancer, he died on July 31, 1979.

On June 10, 1981, the petitioner, the decedent's widow, filed an application for adjustment of claim with the Industrial Commission, alleging that the death of her husband had resulted from his exposure to asbestos while working for the respondent. The respondent filed a motion to dismiss, contending that the petitioner's claim was barred by the statute of limitations. The petitioner replied that her claim was timely filed within three years of the death of her husband as prescribed by section 6(c) of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 172.41(c)). The arbitrator granted the respondent's motion to dismiss, finding that although the petitioner had met the filing requirements of section 6(c), her claim was nevertheless barred by section 1(f) of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 172.36(f)), because the decedent had not become disabled within three years of his last exposure to asbestos.

On review, the Commission affirmed the arbitrator's decision. The circuit court confirmed the Commission's decision, holding that sections 6(c) and 1(f) must be read together and that if an employee does not become disabled within three years of his last exposure to the hazard, no compensation can be paid, irrespective of the timeliness of the filing of a claim in accordance with section 6(c).

The sole issue presented on appeal is whether a survivor's claim for benefits, filed within three years of the employee's death, is barred by section 1(f) of the Act where the employees did not become disabled within three years of the date of his last exposure to the fatal hazard.

■ Initially, we note that a claim for death benefits by a survivor is separate from the claim of the worker, and the law in effect on the date of the worker's death is controlling, not the law at the time of injury. (*Sprinkman & Sons Corp. v. Industrial Comm'n* (1987), 160 Ill. App. 3d 599, 513 N.E.2d 1188.) Therefore, the petitioner's claim should be examined in accordance with the law in effect on July 31, 1979.

In 1979, section 1(f) of the Act provided that no compensation was payable for or on account of any occupational disease caused by asbestos dust, unless disablement occurred within three years after the last day of exposure to the fatal hazard. (Ill. Rev. Stat. 1977, ch. 48, par. 172.36(f).) Section 6(c) of the Act provided that application for death benefits could be filed within three years after the date of death where no compensation had been previously paid. (Ill. Rev. Stat. 1977, ch. 48, par. 172.41(c).) The petitioner contends that she only had to meet the requirements of section 6(c).

■■ ■ Where the language of a statute is susceptible to differing interpretations, it is necessary to ascertain the legislative intent by looking beyond the express words and considering the purpose to be served by the statute. (*City of Chicago v. Strauss* (1984), 128 Ill. App. 3d 193, 470 N.E.2d 563.) Different sections of the same statute should be considered as *in pari materia* and should be construed so as to avoid an illogical result. (*Sinnock v. Board of Fire & Police Commissioners* (1985), 131 Ill. App. 3d 854, 476 N.E.2d 492.) In determining what the intent of the statute is, the court may properly consider not only the language used in a statute, but also the reason and necessity for the law, the evils sought to be remedied, and the purpose to be achieved. *Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 504 N.E.2d 84.

■ The Workers' Occupational Diseases Act reflects the legislative balance between the rights of employees and employers. (*Handley v. Unarco Industries, Inc.* (1984), 124 Ill. App. 3d 56, 463 N.E.2d

1011.) The purpose of the limitation provisions in question is to protect the employer against claims too old to be adequately investigated and defended. (See 2B A. Larson, Workmen's Compensation §78.10, at 15—104 to 15—105 (1989).) Accordingly, sections 1(f) and 6(c) should be read together to effectuate the legislative intent. Section 1(f) clearly states that no compensation shall be payable for or on account of any occupational diseases unless the employee becomes disabled within three years of his last exposure to the hazard. That section evinces a legislative intent to reasonably limit an employer's period of potential liability for both disability benefits payable to an employee and death benefits payable to a survivor.

Under the petitioner's proposed interpretation of the Act, an employee becoming disabled more than three years after the date of his last exposure would be barred from any compensation. Yet, a survivor filing a claim within three years of the employee's death would be entitled to claim death benefits under the Act, irrespective of whether the deceased employee had occurred any disablement within three years of his last exposure to the hazard. In other words, the employee would not be able to recover benefits while alive and disabled, but the surviving spouse could recover benefits upon the employee's death, even if it was 50 years after his last exposure to the hazard. Acceptance of the petitioner's interpretation would create an illogical distinction with no apparent reason or policy supporting it. Moreover, the petitioner's interpretation would be contrary to the legislative intent of the Act, which is to reasonably limit the period of potential liability.

The petitioner argues that her claim is independent of any claim on the part of the deceased employee and therefore is not barred. Her argument is unpersuasive. Although her claim is independent of the decedent's, it does not follow that she need not meet the requirement that disability or death occur within three years of the last exposure. The cases cited by the petitioner in support of her position are inapposite. Two of the cases, *Burke v. Industrial Comm'n* (1938), 368 Ill. 554, 15 N.E.2d 305, and *American Steel Foundries v. Industrial Comm'n* (1935), 361 Ill. 582, 198 N.E. 687, involved provisions of the Workers' Compensation Act which are not similar to the provisions involved in the instant case. Moreover, in *Burke*, the court specifically recognized that the making of a claim for compensation within six months after the accident was a condition precedent to the survivor's right to maintain a proceeding under the statute involved in that case.

The final case that the petitioner relies upon, *Sprinkman & Sons Corp. v. Industrial Comm'n* (1987), 160 Ill. App. 3d 599, 513 N.E.2d 1188, is actually consistent with the circuit court's holding in the in-

stant case. In *Sprinkman*, the court found that the petitioner's claim, timely filled within three years of the employee's death, was not barred where the employee had become disabled within three years of his last exposure to the hazard and had been awarded permanent total disability for asbestosis. Again, in the instant case, the parties stipulated that the decedent was not disabled within three years of his last exposure to the hazard. We find that the disablement of the decedent within three years of his last exposure to the hazard was a condition precedent to the survivor's recovery. Therefore, the petitioner's claim was barred by section 1(f) of the Act.

We therefore affirm the circuit court's confirmation of the Commission's decision, which approved the arbitrator's finding that the petitioner's claim was barred by section 1(f) of the Act.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA, WOODWARD, McCULLOUGH, and LEWIS, JJ., concur.