VELDA WHITNEY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*
(C. Iber and Sons, Appellee).

Third District (Industrial Commission Division)    No. 3—91—0764WC

Opinion filed June 10, 1992.—Rehearing denied July 16, 1992.

John A. Slevin, of Vonachen, Lawless, Trager & Slevin, of Peoria, for appellant.

Robert H. Jennetten and David B. Collins, both of Quinn, Johnston, Henderson & Pretorius, of Peoria, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Petitioner filed an application for death benefits contending her husband died from an occupational disease, mesothelioma, due to his exposure to asbestos. On stipulated facts, the arbitrator granted respondent's motion to dismiss the application as untimely because there was no evidence that decedent's death or any disablement from a disease caused by asbestos occurred within three years from his last exposure to the substance while employed by respondent. The Industrial Commission (Commission) affirmed the arbitrator and the circuit court confirmed the Commission. Petitioner appeals. We affirm.

For purposes of the motion to dismiss, the parties stipulated that petitioner's decedent was exposed to asbestos during his employment with respondent and his last exposure occurred in January 1977. Decedent was first diagnosed with lung cancer in August 1989 which, according to petitioner's evidence, was caused by exposure to asbes-

tos; he died one month later. Petitioner filed her application for death benefits in July 1990.

The motion to dismiss was granted by the arbitrator because, although petitioner filed her application within three years of death and within 25 years from the date of last exposure under section 6(c) of the Workers' Occupational Diseases Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 172.41(c)), decedent did not suffer any disablement within three years of the date of last exposure as required by section 1(f) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 172.36(f)). At the outset, the parties agree that a claim for death benefits by a survivor is predicated on the law in effect at the date of the worker's death, not the law at the time of the injury. *A.O. Smith Corp. v. Industrial Comm'n* (1985), 109 Ill. 2d 52, 57, 485 N.E.2d 335, 338.

The issue before us is whether a death claim for an asbestos-related occupational disease is barred when filed within three years from the date of death and within 25 years from last exposure when there is no disablement within three years following the date of last exposure. In *Goodson v. Industrial Comm'n* (1989), 190 Ill. App. 3d 16, 545 N.E.2d 975, this court held that sections 1(f) and 6(c) of the Act must be read in conjunction and that merely filing an application within the appropriate number of years after death and exposure under section 6(c) is not sufficient if the employee does not establish disablement following last exposure within the applicable period prescribed under section 1(f). Those statutes provide:

> "No compensation shall be payable for or on account of an occupational disease unless disablement, as herein defined, occurs within two [2] years after the last day of the last exposure to the hazards of the disease, except in the cases of occupational disease caused by berylliosis or by the inhalation of silica dust or asbestos dust and, in such cases, within 3 years after the last day of the last exposure to the hazards of such disease and except in the case of occupational disease caused by exposure to radiological materials or equipment, and in such case, within 25 years after the last day of last exposure to the hazards of such disease." Ill. Rev. Stat. 1989, ch. 48, par. 172.36(f).

> "In cases of death occurring within 25 years from the last exposure to radiological material or equipment or asbestos, application for compensation must be filed within 3 years of death where no compensation has been paid, or within 3 years, after the date of the last payment where any has been paid, but not thereafter." Ill. Rev. Stat. 1989, ch. 48, par. 172.41(c).

Prior to 1984, section 6(c) of the Act provided that an application for death benefits from asbestos-related exposure had to be filed within three years after the date of death. (Ill. Rev. Stat. 1983, ch. 48, par. 172.41(c).) In 1984, the legislature amended section 6(c) to extend the period for filing the application from 3 to 25 years from exposure. (Pub. Act 83—1051, §2, eff. July 1, 1984 (1983 Ill. Laws 7130, 7152).) No amendment, however, was made to section 1(f), which at all relevant times has required that disablement occur within three years from last exposure.

In *Goodson*, this court held that proof of disablement within the three-year time frame required by section 1(f) was a condition precedent to recovery, irrespective of the timeliness of the filing of the claim under section 6(c). Section 1(f) operates as a statute of repose rather than one of limitations, and Illinois courts have not hesitated to apply repose provisions despite the acknowledgement that an individual with a long latency disease may be barred from recovery. *Dickerson v. Industrial Comm'n* (1991), 224 Ill. App. 3d 838, 587 N.E.2d 1045.

Claimant contends, however, that by its 1984 amendment to section 6(c) of the Act, the legislature intended to permit asbestos claimants to prove the onset of disability at any time within a 25-year window following the date of last exposure in the exact same manner as claimants alleging disease caused by exposure to radiological materials. Petitioner contends that the failure to simultaneously amend section 1(f) of the Act renders the two provisions inconsistent and it is illogical to suppose that the legislature would extend the limitations period for filing claims to 25 years subject to a three-year statute of repose.

Notwithstanding petitioner's argument is the plain fact that the legislature did not amend section l(f) of the Act, as it did when it amended the Act in 1969 as to exposure to radiological materials (Pub. Act 76—1941, eff. Oct. 13, 1969 (1969 Ill. Laws 4224, 4228-29), amending Ill. Rev. Stat. 1967, ch. 48, pars. 172.36(f), 172.41(c)), and this court cannot presume that its failure to act was the result of oversight. This court's function is to interpret the law as enacted by the legislature. Our function is not to annex new provisions or substitute different ones or read into a statute exceptions, limitations or conditions which depart from its plain meaning. (*Belfield v. Coop* (1956), 8 Ill. 2d 293, 307, 134 N.E.2d 249, 256.) There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports. *Western*

*National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 350, 167 N.E.2d 169, 173-74.

Accordingly, applying the principles set forth in *Goodson* and *Dickerson* (see also *Old Ben Coal Co. v. Industrial Comm'n* (1991), 217 Ill. App. 3d 70, 576 N.E.2d 890), the Commission's decision dismissing petitioner's application for adjustment of claim as untimely is affirmed.

Affirmed.

RAKOWSKI, WOODWARD, LEWIS, H., and STOUDER, JJ., concur.